### SCHAFFER v. VANDEWATER & CO., Limited.

(Supreme Court, Appellate Division, First Department.  February 6, 1914.)

1. ASSIGNMENTS (§ 76*)—EFFECT OF ASSIGNMENT.

Where plaintiff was appointed agent of a motor car company for the sale of cars within a specified territory, the contract requiring him to purchase a given number of cars, the assignment of the contract by the motor company did not carry with it the company's right of action for plaintiff's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

refusal to accept a car ordered and tendered for delivery prior to the execution of the assignment.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 143; Dec. Dig. § 76.*]

2. SALES (§ 153*)—CONTRACTS OF SALE—CONSIDERATION—TENDER.

Where plaintiff entered into a contract with a motor company whereby he was given a local agency for the sale of its cars, and the contract recited that he agreed to purchase and ordered a given number of cars at a stipulated price, to be delivered at his option during the year, there was a complete contract for the sale of the cars, and the motor company was not required to tender delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 358–366; Dec. Dig. § 153.*]

3. ASSIGNMENTS (§ 109*)—EFFECT OF ASSIGNMENTS—LIABILITY OF ASSIGNEE.

Plaintiff entered into a contract with a motor company to become its agent and deposited $500 as security for cars ordered. The company assigned the contract to defendant, but the assignment did not require defendant to repay plaintiff the amount of the deposit, and nothing appeared to show that it was received by defendant. *Held*, that defendant was not liable to plaintiff for the amount of his deposit.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 188; Dec. Dig. § 109.*]

Appeal from Appellate Term, First Department.

Action by Charles W. Schaffer against Vandewater & Co., Limited. From a judgment of the Appellate Term affirming a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Abraham P. Wilkes, of New York City, for appellant.

George B. Keeler, of New York City, for respondent.

McLAUGHLIN, J. On the 25th of October, 1910, the plaintiff and the Correja Motor Car Company entered into a written contract by which the former was given the agency for the sale of the Correja cars within certain specified territory for the period of one year. The contract expressly provided that the plaintiff—

"agrees * * * to and hereby does order from the company the following cars, at the prices and subject to the discounts set forth in paragraph second of the company's agreements herein: Twenty (20) Correja 1911 Speed Runabout, and agreed to accept and pay for * * * as ordered. Second. To deposit with the company on account of the cars herein ordered, five hundred dollars ($500), to apply as a blanket deposit on cars ordered, with the understanding that the company may, at its option, credit against any account past due from the dealer to the company, any portion of or all of said deposit not already applied upon the purchase price of any car. Said deposit to be returned in full at the end of the season."

After the execution of the contract, the plaintiff made the deposit in accordance with the terms specified. On March 11, 1911, the Correja Motor Car Company entered into a contract with the defendant,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by which the contract with the plaintiff was assigned to it, subject to his consent. The provision in regard thereto was as follows:

"The party of the second part (Correja Motor Car Company) herewith sells, assigns and sets over all its right, title and interest unto the party of the first part to the following contracts and to the payments to be made thereunder, as well as to all the moneys to be received or paid under said contracts severally: [Here follows a list of contracts, including the one with plaintiff.] It being agreed between the parties hereto that the party of the first part (the defendant) will fill said contracts as far as filling the same is possible or is agreed to by the party to the contract * * * and will also allow to each party under said contracts, the sum of $25, from the purchase price of each car, which respective sums of $25 on each car shall be credited on the deposits given by the parties to said contracts to the party of the second part and the party of the second part hereby agrees to retain all of said deposits by it so received in lieu of the commissions to be paid by the party of the first part to the party of the second part on the car so manufactured and shipped under the terms of said contract and as hereinafter more fully provided."

Then follow provisions to the effect that, if an allowance of $25 on a car ordered by any agent did not equal the amount of his deposit, then the amount of the allowance should be changed accordingly, and that the assignment of the contract should be inoperative and of no effect unless the agent consented to it. Thereafter the plaintiff did consent to the substitution of the defendant for the Correja Motor Car Company. In December, 1910, before the substitution, the plaintiff gave directions for the delivery of one of the cars ordered in his contract. He never gave any directions as to the other 19, and they were never tendered to him, although defendant was able and willing to supply them. This action was brought to recover the $500 deposited by the plaintiff with the Correja Motor Car Company. A recovery was sought from defendant on the theory that the latter assumed and agreed to discharge whatever obligation rested upon the Correja Motor Car Company with reference to such deposit. The defendant, in addition to denying plaintiff's right to recover the deposit, set up two counterclaims, one for $500 for plaintiff's failure to accept and pay for one car shipped by the Correja Motor Car Company to Philadelphia, and which he refused to accept, and the other for $2,-000 for failure to accept and pay for the other 9 cars specified in the contract. At the trial the court dismissed both counterclaims and rendered judgment in favor of the plaintiff for the full amount of the deposit, together with interest thereon, and the same was affirmed on appeal to the Appellate Term. Defendant, by permission, appeals to this court.

[1] The dismissal of the counterclaim for refusal to accept the car shipped to Philadelphia was proper. This car was delivered in Philadelphia in December, 1910, by the Correja Motor Car Company. This shipment may have been by direction of defendant, but, if so, it was as the agent of the Correja Company, because the contract between them was not entered into until March, 1911. Any claim for damages based upon plaintiff's refusal to accept that car belonged to the Correja Company, and the contract between it and this defendant did not purport to assign the same. In the absence of proof that the same was assigned, the counterclaim should not be allowed.

[2] As to the other counterclaim, I am of opinion the same was improperly dismissed. The trial court proceeded upon the theory, as appears from the opinion, that the plaintiff was under no obligation to purchase the 20 cars specified in the contract, but merely had an option to do so. The time of acceptance and payment of the cars was at his option; that is, within the period of one year, which was the time specified in the contract. He was only to accept and pay for cars within that time "as ordered," but he agreed absolutely to take them within that time. The contract provided that the plaintiff "agrees: First, to and hereby does order" 20 cars. He never gave but one order, and that was to the Correja Company for the one car which was shipped to Philadelphia, and the other 19 he never directed delivered at all. It was unnecessary for the defendant to tender the cars, because the plaintiff, under the contract, had one year in which to signify when they were to be delivered. Hunter v. Wetsell, 84 N. Y. 549, 38 Am. Rep. 544. He was, however, as indicated, obligated within the year to direct when and where they should be delivered. Having failed to give this direction within the life of his contract, I think he thereupon became liable to respond in whatever damages the Correja Company, or its successor, the defendant, sustained.

[3] But, irrespective of the question of whether the defendant has a valid counterclaim, it is not liable to the plaintiff for the deposit, because it never received it from the Correja Company, nor did it agree with that company to repay to the plaintiff the amount of the deposit except by crediting $25 upon the purchase price of each car ordered and accepted by him. Payment in this way was adopted as a means of paying the Correja Company a commission on cars sold by relieving that company pro tanto from its obligation to return the deposit. Under the defendant's contract with the Correja Company, if the plaintiff did not order and accept cars, then it did not obligate itself to pay commissions to the Correja Company or to pay to the plaintiff the deposit, or any part of it.

The determination of the Appellate Term and the judgment of the Municipal Court are reversed, and a new trial ordered, with costs to appellant to abide event. All concur.