FRANK L. WEIL et al., as Trustees, Appellants, *v.* PRESI-
DENT AND DIRECTORS OF THE MANHATTAN COM-
PANY, Respondent.

Argued June 2, 1937; decided July 13, 1937.

*A. A. Berle, Jr.,* and *Abraham J. Halprin* for appellants. Under the Schackno Act (L. 1933, ch. 745) appellants are in the position of successor trustees and may bring any action which the original trustee might bring. (*Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69; *Kelly* v. *Lawrence,* 246 App. Div. 662; *Gallin* v. *Burdick,* 265 N. Y. 492.) The present action is one which a trustee or a successor trustee not only could bring, but is under a duty to bring. (*Newhouse* v. *First Nat. Bank,* 13 Fed. Rep. [2d] 887; *Winn* v. *Harby,* 159 S. C. 257; *Matter of Lane,* 11 Del. Ch. 122; *Western R. R. Co.* v. *Nolan,* 48 N. Y. 513; *Hart* v. *Goadby,* 138 App. Div. 160; *Stewart* v. *Ficken,* 151 S. C. 424; *Daniels* v. *Berry,* 148 S. C. 446.) Even if the present action be construed as having its origin in individual rights of individual security holders, the operation of the Schackno law validly clothes the appellants with the right to bring the action on behalf of the certificate holders as a class. (*McCandless* v. *Furlaud,* 296 U. S. 140; *Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69; *Archer* v. *Equitable Life Assur. Society,* 218 N. Y. 18; *O'Gorman & Young* v. *Hartford Fire Ins. Co.,* 282 U. S. 251; *Home Building & Loan Assn.* v. *Blaisdell,* 290 U. S. 398; *German Alliance Ins. Co.,* v. *Lewis,* 233 U. S. 389; *People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429; *City Bank Farmers Trust Co.* v. *Ardlea Corp.,* 267 N. Y. 224; *Brown Co.* v. *Feldman,* 256 U. S. 170.)

*Wilkie Bushby, Elihu Root, Jr.,* and *Leo Gottlieb* for respondent. The complaint was properly dismissed. (*Mittleman* v. *Pres. & Directors of Manhattan Co.,*

272 N. Y. 632; *Werring* v. *Selig*, 241 App. Div. 67; 266 N. Y. 566.) The certificate holders do not have equal and ratable interests in the alleged causes of action. (*Doyle* v. *Chatham & Phenix Nat. Bank*, 253 N. Y. 369.) Class actions could not have been brought on the alleged causes of action. (*Bouton* v. *Van Buren*, 229 N. Y. 17; *Guffanti* v. *National Surety Co.*, 196 N. Y. 452; *Marsh* v. *Kaye*, 168 N. Y. 196; *Warnock Uniform Co.* v. *Garifalos*, 224 N. Y. 522; *Adelson* v. *Sacred Associates Realty Corp.*, 192 App. Div. 601; *Cavanagh* v. *Hutcheson*, 140 Misc. Rep. 178; 236 App. Div. 794; *Reid* v. *The Evergreens*, 21 How. Pr. 319; *Bickford's, Inc.*, v. *Federal Reserve Bank*, 5 Fed. Supp. 875; *Markt & Co.* v. *Knight SS. Co.*, [1910] 2 K. B. 1021.) The Schackno Act does not authorize the transfer of causes of action such as those alleged in the complaints to trustees appointed in reorganizations under the act. (*Matter of People [Title & Mortgage Guarantee Co.]*, 264 N. Y. 69.)

*Per Curiam.* In the case of *Mittlemann* v. *President & Directors of Manhattan Co.* (272 N. Y. 632) this court had before it for determination an appeal from a judgment of the Appellate Division which reversed an order of the Special Term and dismissed the plaintiffs' complaint. (248 App. Div. 79.)

The plaintiffs in that action were trustees under a trust indenture issued in a reorganization proceeding under chapter 745 of the Laws of 1933, relating to mortgage certificates issued by the New York Title and Mortgage Company. The complaint alleged that the defendant bank, through its relations with the mortgage company, maliciously caused the mortgage company to breach its contracts with those who were at the time certificate holders in the series of certificates involved to their damage. It also alleged that defendant as depositary had been guilty of gross negligence to the damage of the certificate holders for whom plaintiffs were trustees. Also, that by virtue of the proceeding under chapter 745

of the Laws of 1933 and the terms of the reorganization documents, the holders of the certificates of the series involved had transferred to the plaintiffs the causes of action alleged in the complaint. We necessarily decided in that action that no such transfer had taken place and that plaintiffs as such trustees were not vested with such causes of action. In this action we are asked to re-examine our decision in the *Mittlemann* action. It is also urged that the complaint herein differs from the complaint in that action to such an extent that our former decision is not a precedent in the action at bar.

While different verbiage is employed in the complaint in this action, in substance it alleges the same facts alleged in the *Mittlemann* complaint. Necessarily, appellants assert that plaintiffs, as trustees under a reorganization proceeding the same as in the *Mittlemann* action, are vested with capacity to sue for the same acts of misconduct charged in that complaint.

We are persuaded that they do not possess such authority. They are in no sense voluntary trustees but are purely statutory trustees possessing only such power and authority as is conferred upon them by statute. The alleged causes of action set out in the complaint are causes of action vested in the certificate holders and the acts alleged constitute breach of duty to them under their certificates. Such causes of action were not held by the certificate holders " as a class " and they did not have equal and ratable interests therein. The statute never contemplated the transfer to plaintiffs of such causes of action. The documents expressly limit the causes of action transferred to causes of action which the certificate holders held " as a class " and in which all have equal and ratable interests. The causes of action alleged in the complaint are not of that nature because the interest of each certificate holder depends upon the time and circumstances under which he became a certificate holder. Some have no possible cause of action and some of the causes

of action alleged vested in previous certificate holders who have transferred their certificates. The rights of those who may have causes of action vary.

The contention that it would be the duty of a general voluntary trustee to enforce such causes of action has no application as plaintiffs are not trustees because of the voluntary acts of the certificate holders. They are trustees because two-thirds of the certificate holders consented in writing. Their appointment may have been in direct opposition to the wishes of some of the certificate holders.

Neither does the Schackno Act (Laws of 1933, ch. 745), either in letter or spirit, purport to transfer to plaintiffs as trustees the alleged causes of action. If it did a serious constitutional question would be presented.

The purpose and reason for the enactment of that statute and the purpose which it was enacted to accomplish have been explained in detail in the opinion in *Matter of People* (*Title & Mortgage Guarantee Co.*) (264 N. Y. 69). Briefly, its purpose was to make it possible for the great number of certificate holders to act as a unit in the management of mortgages deposited as collateral security to certificates without the consent of all and to furnish the machinery for bringing about and carrying on such united action. It was decided that the act was constitutional and that an assignment of the interests of certificate holders might be decreed upon the consent of two-thirds without the express consent of others because of the unprecedented situation, which required and justified the enactment of the statute.

In the action at bar the defendant was not the owner of the mortgages deposited with it. Neither was it a trustee of the mortgages deposited. The mortgage company remained the owner of the mortgages subject to the collateral lien of the certificate holders. Therein lies the principal difference between this action and *Doyle* v. *Chatham & Phenix Nat. Bank* (253 N. Y. 369), in

which action the bank was a trustee under a collateral trust indenture and was held liable for negligence in certifying bonds.

Our conclusion is that the plaintiffs had no authority to bring this action either under the Schackno Act or under the order and trust indenture issued in the proceeding under that act.

The judgment should be affirmed with costs.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Judgment affirmed.