PERCY T. JONES, Respondent, *v.* TITLE GUARANTEE AND TRUST COMPANY, Appellant.

Argued March 3, 1938; decided April 12, 1938.

*Flynn L. Andrew, Edward N. Perkins, Eugene Z. Du Bose* and *John M. Friedman* for appellant. There was no misrepresentation inducing the purchase of the certificate. (*Canadian Agency, Ltd.,* v. *Assets Realization Corp.,* 165 App. Div. 96; 1 Black on Rescission & Cancellation, § 111; *Strong* v. *Strong,* 102 N. Y. 69;

*Adams* v. *Gillig*, 199 N. Y. 314.) The contract of purchase was made and the sale was completed prior to the delivery of the certificate. (*Van Brocklen* v. *Smeallie,* 140 N. Y. 70; *Erdreich* v. *Zimmermann,* 190 App. Div. 443; *Cooke* v. *Millard,* 65 N. Y. 352; *Le Marchant* v. *Moore,* 150 N. Y. 209; *Campbell* v. *Rushing,* 141 S. W. Rep. 133; *Feldman* v. *Halpin,* 114 Atl. Rep. 148; 116 Atl. Rep. 924; *Hart* v. *Walsh,* 84 Misc. Rep. 421; *Flour City Nat. Bank* v. *Grover,* 88 Hun, 4; *Willets* v. *Poor,* 141 App. Div. 743.) An erroneous statement in the certificate does not permit rescission. (*Lappert* v. *Title Guarantee & Trust Co.,* 246 App. Div. 604; *McConkey* v. *Title Guarantee & Trust Co.,* 250 App. Div. 7.) The action is barred by plaintiff's delay and his ratification of the contract. (*E. T. C. Corp.* v. *Title Guarantee & Trust Co.,* 271 N. Y. 124; *Gould* v. *Cayuga County Nat. Bank,* 86 N. Y. 75; *Cobb* v. *Hatfield,* 46 N. Y. 533; *Telford* v. *Metropolitan Life Ins. Co.,* 223 App. Div. 175; 250 N. Y. 528; *Trowbridge* v. *Oehmsen,* 207 App. Div. 740; 241 N. Y. 564; *Sarantides* v. *Williams, Belmont & Co.,* 180 N. Y. Supp. 741; *Hoch* v. *Goodhart,* 31 Misc. Rep. 789; *Little & Ives Co.* v. *Lamb Pub. Co.,* 108 Misc. Rep. 14; *McNaught* v. *Equitable Life Assur. Soc.,* 136 App. Div. 774.) The certificate should be reformed. (*Pitcher* v. *Hennessey,* 48 N. Y. 415; *Born* v. *Schrenkeisen,* 110 N. Y. 55; *Northeastern Shares Corp.* v. *International Ins. Co.,* 240 App. Div. 80; 265 N. Y. 574; *LeGendre* v. *Scottish Union & National Ins. Co.,* 95 App. Div. 562.)

*Andrew F. Van Thun, Jr.,* and *Frank A. Kister* for respondent. The defendant, having sold to plaintiff the guaranteed mortgage certificate containing the misrepresentation as to the description and extent of the mortgaged premises, upon which plaintiff relied, is bound thereby, and the plaintiff was justified in rescinding the purchase. (*Rector* v. *T. G. & T. Co.,* 246 App. Div. 251; 272 N. Y. 568; *Stark* v. *T. G. & T. Co.,* 249 App. Div. 717; *Harriss* v. *Tams,* 258 N. Y. 229; *Leary* v. *Geller,*

224 N. Y. 56; *Carr* v. *National Bank & Loan Co.*, 167 N. Y. 375; *Butler* v. *Prentiss*, 158 N. Y. 49; *Wilson* v. *Randall*, 67 N. Y. 338; *Smith* v. *Richards*, 13 Pet. [U. S.] 26; *Coml. Credit Co.* v. *Third & Lafayette Sts. Garage, Inc.*, 226 App. Div. 235; *Canadian Agency* v. *Assets R. Co.*, 165 App. Div. 96; *Paine* v. *Upton*, 87 N. Y. 327; *Erdreich* v. *Zimmermann*, 190 App. Div. 443; *Hotaling* v. *Leach & Co.*, 247 N. Y. 84; *Abel* v. *Paterno*, 245 App. Div. 285.) Defendant having by the certificate sold plaintiff something it did not own, there was such a failure of consideration as to entitle plaintiff to rescind the purchase. (*Richard* v. *Credit Suisse*, 242 N. Y. 346; *Bruner* v. *Meigs*, 64 N. Y. 506; *Chapman* v. *City of Brooklyn*, 40 N. Y. 372; *Putnam* v. *Westcott*, 19 Johns. 72; *Wilson* v. *Randall*, 67 N. Y. 338; Black on Rescission & Cancellation, § 158; *Roberts* v. *Fisher*, 43 N. Y. 159.)

FINCH, J. Whether there was any evidence of reliance upon a misdescription in a mortgage certificate is the sole question of law presented.

This is an action at law for money had and received, based on an attempted rescission of the purchase of a $5,000 guaranteed mortgage certificate for material misrepresentations, contained in the certificate itself. The defendant counterclaimed seeking reformation of the certificate. The justice at Trial Term granted a judgment in favor of the plaintiff, which has been affirmed. Leave to appeal was granted by this court.

The evidence is practically undisputed. The defendant was engaged in the sale of guaranteed mortgages and guaranteed mortgage certificates for investment. The plaintiff visited the office of the defendant with a check for $10,000, and said that he wished to invest in mortgage certificates so arranged that the interest would not be paid in the same months. The plaintiff purchased two certificates for $5,000 each with interest payable in different months. In connection with the certificate sued upon, plaintiff was given a receipt showing the purchase

of an undivided share for $5,000 in a bond and mortgage covering property located in Kings county. No description or boundaries of the mortgaged premises appeared in this receipt, but it did specify the number of the mortgage certificate. Several days later the defendant mailed the certificate to the plaintiff. The certificate stated that the mortgage covered property on the " north side of Boardwalk to southerly side of Brighton Beach *Avenue* between Lakeland Place and East 4th Street." Actually the mortgaged premises, as shown by the bond and mortgage, extended from the Boardwalk to Brighton Beach *Court*. Brighton Beach Court was nearer the Boardwalk than Brighton Beach Avenue, so that the certificate, because of the clerical error in writing " avenue " for " court," stated that the mortgage covered property of greater extent than that described in the mortgage instrument.

About eighteen months elapsed before the plaintiff looked at the property described in the certificate. Interest was received on this investment by the plaintiff for a period of six years. Then there was a default and in June, 1934, the plaintiff received a Schackno Plan of Reorganization, which correctly described the mortgaged premises. Prior to the receipt of this Schackno Plan, plaintiff had signed a consent to the modification or extension of the mortgage. Several documents connected with the extension of the mortgage and the Schackno Plan correctly described the property and the plaintiff testified that he kept a memorandum of the location of the mortgaged premises. Eight months later, plaintiff attended a meeting of the certificate holders, at which time the clerical error concerning the southerly boundary line was fully discussed. Thereafter the plaintiff tendered back the certificate to the defendant. Plaintiff claims that he first learned of the erroneous description in the certificate when he attended the meeting in January, 1935.

The plaintiff has not the right to rescind merely because of the existence of a clerical error in the mortgage certificate. He can rescind only if the description induced him to enter into the contract. It is essential for him to show that he relied upon it.

" To warrant the rescission of a contract or other obligation it must further be shown that the false representations complained of were the inducement to the contract, that is, that they created such an impression in the mind of the party complaining, in regard to the character or value of the subject-matter, the advantageous nature of the contract, etc., as to overcome any indecision on his part and lead or influence him into giving his consent. * * *

" A conclusive test of misrepresentations being the inducement to the contract is the fact (if it be so) that the party would have refused his consent if the representations had not been made or if he had known the truth." (1 Black on Rescission and Cancellation [2d ed.], § 111.)

There is ample authority in this State supporting this rule. (See *Adams* v. *Gillig*, 199 N. Y. 314; *Oberlander* v. *Spiess*, 45 N. Y. 175, 178; *Strong* v. *Strong*, 102 N. Y. 69, 74; *Ochs* v. *Woods*, 221 N. Y. 335, 338; *Sager* v. *Friedman*, 270 N. Y. 472, 479; *Addington* v. *Allen*, 11 Wend. 374. See, also, Bower on the Law of Actionable Misrepresentation, p. 124.)

When we examine the record in the case at bar, we find a clear admission by the plaintiff that in entering into the contract of purchase he did not rely on the description of the property, that it was not an inducing factor, and that at the time it did not matter to him what property was covered by the mortgage certificate. This is shown by some excerpts from the testimony of the plaintiff:

" Q. You were not concerned with where the property was at that particular moment, were you? A. I left that entirely to Mr. Stevens' discretion. I left it to him, yes. * * * Q. So that it made no difference to you

at that time whether this property was between Brighton Beach Court and Lakeland Place and East Fourth Street or Brighton Beach Avenue, did it? * * * A. No. * * * In other words, Mr. Jones, if at the time that you received this certificate, the certificate had stated Brighton Beach Court and not Brighton Beach Avenue, it would have made no difference to you, that is true, isn't it? A. Yes." The record does not contain any testimony by the plaintiff in conflict with these admissions. He never denied that the property covered by the mortgage did not matter to him, and that he would have accepted the certificate even though it had correctly stated that the mortgage covered only Brighton Beach Court. He received what he sought and bargained for, and he cannot now rescind because he has discovered a misdescription upon which he placed no reliance. The plaintiff was not interested in what property was covered by the mortgage and never even saw it until long after the purchase of the certificate. The clerical error causing the misdescription did not give plaintiff a larger or different mortgage than was allocated to him with his consent and acquiescence, which mortgage in fact covered only to Brighton Beach Court. Under such circumstances he has no right to rescind.

The judgment should be reversed and the complaint dismissed, and judgment for defendant on its counterclaim granted, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Judgment accordingly.