CHARLES HENDRY, as Administrator, etc., of LILLIAN HENDRY, Deceased, and Others, on Their Own Behalf and on Behalf of All Others Similarly Situated, Respondents, *v.* TITLE GUARANTEE AND TRUST COMPANY, Appellant.*

First Department, December 16, 1938.

*Affg., in part, 165 Misc. 349.

*Flynn L. Andrew* of counsel [*John M. Friedman* and *Eugene Z. DuBose* with him on the brief; *Milbank, Tweed & Hope*, attorneys], for the appellant.

*Raymond L. Wise* of counsel [*Elliott L. Biskind* and *William Esbitt* with him on the brief; *Raymond L. Wise*, attorney], for the respondents.

UNTERMYER, J.   The facts are undisputed.

On August 2, 1923, the defendant loaned to John Boccadero the sum of $35,000 on a bond and mortgage on premises at Jamaica, N. Y., to become due January 1, 1927.   On December 31, 1923, a guaranty of the bond and mortgage was issued by the Bond and Mortgage Guarantee Company and thereafter participation certificates were sold by the defendant, some of which were acquired by the plaintiffs or the plaintiffs' predecessors in interest.   When the bond and mortgage fell due on January 1, 1927, it was extended for three years.

On November 2, 1927, the city of New York acquired by condemnation a portion of the mortgaged premises for the purpose of widening a street some distance removed.   Before condemnation, the property was an interior lot, 100 by 100 feet.   In the condemnation, a strip, 25 by 100 feet, was taken, thereby converting the portion remaining into corner property.   At the time the mortgage

was made in 1923 the premises were appraised at $70,000. After condemnation, the property remaining was valued at $67,500.

On January 1, 1930, the mortgage, as extended, became due. At that time the certificate holders were offered the opportunity of receiving the face amount of their certificates in cash. Some of the certificate holders accepted the offer. The others, including the plaintiffs or their predecessors in interest, chose to retain their certificates, and consented to the extension. Accordingly, on January 8, 1930, the mortgage was again extended for a period of three years.

In the condemnation proceedings an award, amounting to $24,500, was made, which would have been applicable to the mortgage debt. (*Utter* v. *Richmond*, 112 N. Y. 610; *Matter of City of New York* [*Neptune Ave.*], 271 id. 331.) However, in connection with the extension of the mortgage for a period of three years, made in January, 1930, the defendant released to the mortgagor the award to be paid by the city. Accordingly, neither the defendant nor the certificate holders received any part of it. In consenting to extend the mortgage the plaintiffs were not informed of the condemnation proceedings or that a portion of the security represented by the award would be released. However, at the trial they stipulated: " That none of the certificate holders will testify that he or she examined the underlying mortgage, or the property, or knew the exact boundaries of the mortgaged premises, before or after the condemnation, but each of the certificate holders, if called to testify, would testify that in continuing their investment by consenting to the extension of their respective certificates they relied upon the reputation and special knowledge of the Title Guarantee and Trust Company and upon the guarantee." The evidence is substantially to the same effect.

In 1936 the mortgage was foreclosed by the Mortgage Commission of the State of New York acting for the certificate holders. The property was bid in and is now held by the Mortgage Commission Realty Corporation, as trustee for the certificate holders. The Special Term has decided that the defendant is liable to each of the plaintiffs for the distributive share in the $24,500 released without consideration to the owner of the premises. It provided in the decree, however, that upon payment to each of the plaintiffs the defendant should be subrogated to a proportionate interest in the mortgaged premises.

We agree with the Special Term that a trustee or agent has no power ordinarily to release any part of the security in his possession no matter how adequate the security remaining may appear. If he does so, it matters not that the principal or *cestui* may have

considered the security remaining to be adequate. Accordingly, unless the plaintiffs consented to the release of the award which was substituted for the land as security for the mortgage debt, the defendant would be liable for any loss occasioned by its act. The defendant argues that the plaintiffs consented to release the award, though under a misapprehension of the facts, and that the consent is binding because they would have acted exactly as they did if a full disclosure had been made. (*Jones* v. *Title Guarantee & Trust Co.*, 277 N. Y. 415.) We think this is not a correct interpretation of the stipulated facts. The plaintiffs never consented to release the award. They only consented to extend the maturity of the mortgage and of their certificates.

We think the plaintiffs are entitled to the relief which was granted by the Special Term, except the plaintiffs Buse, Germond and MacLean, all of whom acquired their certificates after January 8, 1930, the date on which the award was released from the lien of the mortgage. The plaintiffs Germond and Buse acquired their certificates by purchase from the defendant on January 29 and on May 5, 1930, respectively. The plaintiff MacLean received her certificate by inheritance from a sister on September 25, 1935, When Buse and Germond purchased their certificates they acquired only a participation in the mortgage as it existed at that time. The plaintiff MacLean acquired by inheritance only the certificate, not her sister's then existing cause of action for the depreciation in value resulting from the act of the defendant in releasing the security. The cause of action for that breach of trust did not pass from hand to hand with the certificate. (Compare *Weil* v. *President and Directors of Manhattan Co.*, 275 N. Y. 238.) We think the rule applied in *Hanna* v. *Florence Iron Co.* (222 N. Y. 290), and in *Schaffer* v. *Vandewater & Co., Ltd.* (160 App. Div. 803), that the assignment of a contract does not include a right of action for a previous breach, is also applicable here.

The judgment should be affirmed, with costs to the plaintiffs except as to the plaintiffs Frieda Buse, W. Wheeler Germond and Sarah J. MacLean, as to whom the judgment should be reversed, with costs, and the complaint dismissed, with costs to the defendant, as against said plaintiffs.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Judgment unanimously affirmed, with costs to the plaintiffs except as to the plaintiffs Frieda Buse, W. Wheeler Germond and Sarah J. MacLean, as to whom the judgment should be reversed, with costs, and the complaint dismissed, with costs to the defend-

ant, as against said plaintiffs. Settle order on notice, reversing such findings of the court at Special Term as are inconsistent with this determination and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.