HERMAN S. ELKIND and Others, on Their Own Behalf as Owners and Holders of Bonds Known as First Mortgage Twenty-Year 8% Sinking Fund Convertible Gold Bonds Issued by CONSOLIDATED TEXTILE CORPORATION, and on Behalf of All Other Owners and Holders of Said Bonds, and on Behalf of All Owners and Holders of Certificates of Deposit of Such Bonds with the Bondholders' Protective Committee Constituted under Deposit Agreement Dated December 10th, 1930, Similarly Situated, Respondents, v. THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Appellant.

First Department, May 31, 1940.

*A. Donald MacKinnon* of counsel [*Carleton H. Endemann* and *Einar B. Paust* with him on the brief; *Milbank, Tweed & Hope,* attorneys], for the appellant.

*Samuel Gottlieb* of counsel [*I. Gainsburg* and *Max Bergman* with him on the brief; *Jacob Meadow* and *Julius Silver,* attorneys], for the respondents.

DORE, J. Plaintiffs in a bondholders' representative action sue on their own behalf and on behalf of all other owners of twenty-year eight per cent gold bonds issued in 1921 by the Consolidated Textile Corporation and secured by a mortgage covering all of the corporation's real property, buildings, plants, factories, water rights, good will, trade-mark and trade names, but expressly excluding " quick assets * * * now owned or hereafter acquired, or any securities now owned or hereafter acquired by the company." Defendant was trustee under the trust indenture.

The amended complaint consisting of forty-one printed pages in substance charges that between 1924 and 1935 defendant and other banks, general creditors of the Textile Corporation, whose indebtedness was not secured by any lien on the assets of the corporation but was subject to the prior rights of the bondholders, succeeded in having enormous bank loans paid through a scheme by which the income from the corporation was siphoned off through a .selling company, a wholly owned subsidiary of Textile, known as the Consolidated Selling Co., Inc., formed in 1924. The complaint alleges that Textile paid to the banks in 1924 thirty per cent of their claims, issued to the banks five-year gold notes for the balance, organized the subsidiary selling company and pledged all its stock

to the banks as security for such gold notes; that from 1924 to 1934 the selling company's total earnings were over $7,000,000; that in 1931 Textile defaulted on interest due on the bonds issued in 1921 and defendant, as trustee, instead of foreclosing, in furtherance of the scheme to prefer defendant and the other banks and to the loss and damage of the bondholders, arranged for the formation of a bondholders' protective committee purporting to represent bondholders but in reality serving the banks; and that the purpose of permitting the continued operation of Textile was to divert its assets to the selling company. In 1931, it is alleged, the selling company paid its preferred stockholders, the bank's designated nominees, $50,000 in dividends and $800,000 for their stock; during 1931 and 1932 after default on the bonds the selling company with defendant's knowledge paid the bank creditors, including defendant, on account of their gold notes, about $1,000,000 in the form of retirement of the second preferred stock and in reduction of the banks' indebtedness. In 1933 and 1934, it is claimed, the bank converted gold notes into shares of stock of Textile, which the bank sold, resulting in substantial payment to bank creditors which would not have been possible if defendant had seasonably taken possession of the business and instituted foreclosure proceedings. In 1935 the selling company paid the banks $1,000,000 in cash in final payment of their gold notes which were then canceled. It is also alleged that the sums so paid and received by defendant and the other bank creditors from 1931 to 1935 constituted preferences and illegal payments derived from assets and earnings of Textile, and that the income of the mortgaged property and the business of Textile equitably belonged to defendant as trustee for the bondholders. Plaintiffs demand judgment for the removal of the trustee, an accounting for all moneys received from the subsidiary in alleged violation of its duties as trustee, damages resulting from the breach of such duties, and the appointment of a receiver.

The stipulation of facts, consented to by plaintiffs, shows that in 1935 Textile filed a reorganization proceeding under section 77B* of the Bankruptcy Act, and the United States District Court, Southern District of New York, in May, 1938, confirmed a plan of reorganization of Textile, pursuant to which a new company was organized, which acquired all the assets of the old corporation, and was authorized to issue five per cent income debentures, which together with the capital stock of the new company were exchangeable in a specific proportion for the convertible twenty-year gold bonds of the old company. The plan also reserved to the bondholders " either individually or as a class " all rights and causes of action " other

* See 48 U. S. Stat. at Large, 912.— [REP.

than actions or causes of action against the company or against its properties and assets," and provided that neither the approval of the plan nor the surrender of the bonds nor the acceptance of new securities should be deemed a waiver or estoppel. In 1938, pursuant to an order of the United States District Court, defendant, as trustee under the mortgage, executed and delivered to Textile a cancellation and satisfaction of the mortgage. It is also stipulated that these plaintiffs did not acquire their bonds until October or November, 1936, at prices ranging between twenty-seven and thirty-eight cents on the dollar and shortly thereafter began this suit for an accounting.

Special Term held that, under the allegations of the complaint, the action was brought to protect an interest in the " good will of the corporation which is covered by the mortgage indenture," a portion of which plaintiffs allege was received by defendant as a creditor although at the same time it was trustee, to the detriment of the rights of the bondholders, and accordingly denied the motion for judgment in defendant's favor.

We think the ruling was error and the motion should have been granted. The allegations of fact in the complaint, as distinguished from plaintiffs' characterizations, clearly indicate that the action is to make defendant account in damages for alleged breaches of fiduciary duties in taking money payments on bank loans from a subsidiary corporation instead of stepping in and protecting the bondholders. There are no allegations of fact showing that the " good will " of the corporation pledged to the bondholders was transferred to defendant or other bank creditor. The claimed transfer of " good will " is a mere characterization at variance with the facts alleged. Thus there is no allegation of the transfer of accounts receivable, customers' lists, nor of facts showing defendant did anything to interfere with the favorable consideration of Textile, its trade names or trade-marks, by its customers and the public, which really constitutes its good will. Plaintiffs wholly fail to allege facts showing that defendant ever received any of the corporation's good will or that the good will, as a part of the underlying security, was transferred.

There is no allegation of fact that defendant ever received any part of the property that was covered by the mortgage. It is alleged that the common and second preferred stock of the subsidiary were pledged with the banks, the second preferred retired, the banks' lien on the common canceled, and that the banks received payments of money from the corporation and the subsidiary on account of their loans. These allegations of fact refer solely to transfer of stock and money which, as indicated above, were expressly excluded from the lien of the trust indenture mortgage.

If defendant wrongfully took such money proceeds for itself, its breach, if any, was of a fiduciary duty for which it may be held to account in a proper action instituted on behalf of aggrieved individual bondholders, but a bondholders' representative action for an accounting for damages for breach of trust, as distinguished from a suit to recover property that was subject to the lien of the mortgage, cannot be maintained by these plaintiffs. (*Society Milion Athena* v. *National Bank of Greece*, 281 N. Y. 282, 292, 293; *Brenner* v. *Title Guarantee & Trust Co.*, 276 id. 230, 236; *Hendry* v. *Title Guarantee & Trust Co.*, 255 App. Div. 497, 500. Cf. *Mittlemann* v. *President, etc., of Manhattan Co.*, 248 App. Div. 79; affd., 272 N. Y. 632; *Weil* v. *President, etc., of Manhattan Co.*, 275 id. 238.) As was said in *Brenner* v. *Title Guarantee & Trust Co.* (*supra*): " The holders of certificates of participation in a mortgage may have a common or general interest in the mortgage and in the property subject to the mortgage; but this action is not brought to protect or enforce such interest." In *Society Milion Athena* v. *National Bank of Greece* (*supra*, at p. 292) the court said: " Each person wronged may determine for himself the remedy which he will seek for the wrong to him and when he asserts a remedy the wrongdoers might be able to assert against him a defense not available against others. Separate wrongs to separate persons, though committed by similar means and even pursuant to a single plan, do not alone create a common or general interest in those who are wronged. Though it is alleged that ' upwards of five thousand ' persons were, like the plaintiffs, wronged by the defendant banks, such persons are not, merely because of that fact, united in interest with either plaintiff, and the plaintiff may not maintain a representative action, pursuant to section 195 of the Civil Practice Act, in their behalf. (*Brenner* v. *Title Guarantee & Trust Co.*, 276 N. Y. 230.) "

This does not mean that several bondholders may not join as plaintiffs in a single action where the right to relief arises out of the same transaction or series of transactions and there are common questions of law and fact. (Civ. Prac. Act, §§ 195, 209.)

Plaintiffs claim this suit is to recover collateral which secured not only plaintiffs' bonds but the bonds of every other bondholder and is, therefore, an action for injury to the bondholders as a class and, therefore, maintainable as a representative action. For the reasons indicated above, we think the allegations of fact in the complaint, as distinguished from the few general characterizations relating to " good will," fail to sustain plaintiffs' contention. Plaintiffs' right, if any, to relief herein arises from the alleged wrongful receipt by defendant of moneys, securities and income — all of which are specifically exempted from the coverage of the mortgage and are not part of the mortgaged *res.*

These plaintiffs have not individual causes of action for the alleged breaches of fiduciary duty since it is admitted in the stipulation of facts that they did not purchase their bonds until October, 1936, long after all the breaches alleged in the complaint had occurred. A trustee cannot, before the relationship is established, have violated a trust duty. (*Doyle* v. *Chatham & Phenix National Bank,* 253 N. Y. 376.) As was said by this court in *Hendry* v. *Title Guarantee & Trust Co.* (*supra*, at p. 500): "The plaintiff MacLean received her certificate by inheritance from a sister on September 25, 1935. When Buse and Germond purchased their certificates they acquired only a participation in the mortgage as it existed at that time. The plaintiff MacLean acquired by inheritance only the certificate, not her sister's then existing cause of action for the depreciation in value resulting from the act of the defendant in releasing the security. The cause of action for that breach of trust did not pass from hand to hand with the certificate. (Compare *Weil* v. *President and Directors of Manhattan Co.,* 275 N. Y. 238.) We think the rule applied in *Hanna* v. *Florence Iron Co.* (222 N. Y. 290) and in *Schaffer* v. *Vandewater & Co., Ltd.* (160 App. Div. 803), that the assignment of a contract does not include a right of action for a previous breach, is also applicable here."

There is no claim that recovery is limited to a fund not sufficient to satisfy the claims of all, or that defendant has not sufficient assets to satisfy any judgment brought against it by any bondholders or individuals for breach of its fiduciary duties. (See *Kovarsky* v. *Brooklyn Union Gas Co.,* 279 N. Y. 304, 314; *Society Milion Athena* v. *National Bank of Greece,* 281 id. 282, 294.)

Even with regard to the breaches of fiduciary duty alleged, the trust indenture mortgage expressly provided that the trustee in its individual capacity may acquire, hold and dispose of bonds and coupons and engage in or be interested in any financial or other transactions with Textile or any corporation in which it is interested " with the same rights which it or he would have if the trustee were not trustee hereunder."

With regard to the alleged breach of duty in failure to foreclose, the indenture expressly provides that unless the trustee receive written notice from the holders of not less than ten per cent of bonds outstanding, the trustee may conclusively assume that no default has occurred and shall not be required to take action in respect of a default which is likely to involve the trustee in expense or liability unless requested in writing by the holders of not less than one-fourth of the face amount of the bonds outstanding and tendered security and indemnity satisfactory to it against expense and liability. The complaint alleges no facts complying with these conditions.

In any event, as the agreed statement of facts shows, the trust indenture mortgage had been canceled and satisfied by order of the Federal court in August, 1938. We think the reservation of rights and causes of action existing in the bondholders may not be held to cover a cause of action on a lien right that no longer exists, but that it saved for aggrieved bondholders any causes of action which they might have for damages. The Federal court has not only canceled the mortgage but prohibited suits against the property and assets of the corporation and, accordingly, it could not have reserved to bondholders the right to impress a lien thereon.

It affirmatively appears from the complaint and the admitted facts that this is not an action to recover property that was part of the collateral and subject to the lien of the mortgage, nor is it shown that the mortgage lien may be asserted even though the mortgage is canceled.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and defendant's motion for judgment pursuant to section 476 of the Civil Practice Act granted.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.