WILLIAM E. SMITH et al., as Executors of JAMES W. SMITH, Deceased, Appellants, v. CONTINENTAL BANK AND TRUST COMPANY OF NEW YORK, Respondent.

Argued February 25, 1944; decided April 6, 1944.

*William E. Smith* for appellants. The failure of the complaint to allege that plaintiffs' testator was the owner of the bonds at the time of the commencement of the action is not a fatal defect and it is sufficient that the plaintiff was the owner of the bonds at the time of the alleged acts of gross negligence by the defendant. The filing of the bonds with the receiver of

the guarantor of said bonds with all unpaid coupons attached did not divest plaintiffs' testator of the causes of action herein. (*Mittlemann* v. *President & Directors of Manhattan Co.*, 272 N. Y. 632; *Weil* v. *President etc., of Manhattan Co.*, 275 N. Y. N. Y. 238; *Rabinowitz* v. *President & Directors of Manhattan Co.*, 275 N. Y 453; *Hendry* v. *Title Guarantee & Trust Company*, 255 App. Div. 497, 280 N. Y. 740; *Elkind* v. *Chase Nat. Bank*, 259 App. Div. 661, 284 N. Y. 726; *Emmerich* v. *Central Hanover Bank & Trust Co.*, 265 App. Div. 808, 291 N. Y. 570.)

*Woolsey A. Shepard* for respondent. The failure to allege ownership at the time of the commencement of the action is fatal to the complaint. (*Hanna* v. *Lyon*, 179 N. Y. 107; *Gellens* v. *Continental Bank & Trust Co.*, 241 App. Div. 591; *Meyer* v. *Lowry & Co., Inc.*, 257 App. Div. 81; *Pflug* v. *Dietz*, 260 App. Div. 503; *Miller* v. *Miller*, 256 App. Div. 846, 280 N. Y. 716; *Edelstein* v. *Frank*, 208 App. Div. 790; *Atkins* v. *West*, 222 App. Div. 308; *Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121.)

CONWAY, J. Appeal by permission of the Appellate Division, Third Department, which affirmed an order of Special Term, granting defendant's motion to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The following question has been certified: " Does the complaint state facts sufficient to constitute a cause of action? "

The complaint, originally of plaintiffs' testator, alleges three causes of action. The first cause of action alleges that on or about January 1, 1921, the 565 Fifth Avenue Corporation secured a loan from S. W. Straus & Co., Inc., of $3,000,000; that the 565 Fifth Avenue Corporation executed coupon bonds as evidence of the indebtedness; that as security for the bonds the 565 Fifth Avenue Corporation mortgaged to Walter S. Klee, as trustee, a leasehold estate for a term of years commencing September 1, 1920, which leasehold was created by an indenture executed between 565 Fifth Avenue Corporation and the Fifth Avenue and 46th Street Company; that subsequently Straus National Bank and Trust Company served as trustee and thereafter defendant was substituted as trustee; that prior to January 1, 1933, plaintiff had purchased $6,000 worth of

bonds; that all of the bonds have matured but plaintiff has received only $720 and has been informed that no further payments will be made.; that on April 17, 1938, plaintiff filed the bonds with the receiver for S. W. Straus & Co., Inc., pursuant to an order of the Supreme Court, Kings County; that on November 1, 1934, a final order of dispossession was entered against 565 Fifth Avenue Corporation; that defendant did not appear or answer in the dispossess proceedings nor in any manner protect plaintiff from the consequences and financial loss of said proceedings; that by reason of that gross negligence plaintiff has suffered damages in the loss of principal and interest in the sum of $8,401.01. The second cause of action alleges that defendant was grossly negligent in failing to declare the principal of the bonds due and payable when 565 Fifth Avenue Corporation defaulted in payment of principal and interest and was grossly negligent in failing to have the property sold at auction and the proceeds distributed to the bondholders. The third cause of action alleges that the defendant was grossly negligent in failing to declare the principal of the bonds due and payable when 565 Fifth Avenue Corporation defaulted and in failing to enforce the rights of the bondholders by means of a foreclosure action.

The only issue presented is whether the complaint states a cause of action since it is not alleged that plaintiff was the owner of the bonds at the time of the commencement of the action. The Appellate Division held that the failure to allege ownership of the bonds at the time of the commencement of the action was fatal to the complaint.

That is unquestionably the rule in stockholders' derivative actions. Such an action may not be brought by one who has ceased to be a stockholder at the time of its commencement. Thus in *Hanna* v. *Lyon* (179 N. Y. 107, 110) it was said: " But while the plaintiff Hanna was a stockholder at the time of the commission of the acts of which he complained, he had ceased to be a stockholder at the time of the commencement of the action, and hence was without authority to maintain it. His rights as a stockholder had passed to the subsequent purchaser of the stock, and the Appellate Division was, therefore, right in reversing the judgment as to him and dismissing the complaint."

Such an action is considered that of the corporation and "no stockholder could [can] maintain an action for the loss he had [has] individually suffered in the depreciation of the value of the share stock held by him" (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121, 123). Such action is brought against directors for breach of duty to the corporation. The stockholder-plaintiff in effect represents the corporation and one who has severed his relation as stockholder may no longer represent it.

The action here is quite different in character. The plaintiffs are suing in their own behalf for a breach of duty owed by the trustee to their testator. The action is personal and not representative. The only question is whether the right of action passed with the bonds and no longer remains with the plaintiffs. In a number of cases, this court has held the converse; that is, that where the breach was committed before the bondholder purchased the bond, he could not bring an action therefor. (*Weil* v. *President, etc., of Manhattan Co.*, 275 N. Y. 238; *Hendry* v. *Title Guarantee & Trust Co.*, 280 N. Y. 740; *Elkind* v. *Chase National Bank*, 284 N. Y. 726; *Emmerich* v. *Central Hanover Bank & Trust Co.*, 291 N. Y. 570.) Unless we are to hold that a plaintiff must have been a bondholder at the time of the breach and must still be a bondholder at the time of the suit, we must hold that the plaintiffs in this case have a cause of action. That the latter would be our holding was indicated, we think, by the language in *Weil* v. *President, etc., of Manhattan Co.* (275 N. Y. 238). That action was brought by Schackno Act trustees against the defendant for causing the mortgage company to breach its contracts with certificate holders and for gross negligence to the resultant damage of certificate holders. This court said (pp. 242–3): "The alleged causes of action set out in the complaint are causes of action vested in the certificate holders and the acts alleged constitute breach of duty to them under their certificates. Such causes of action were not held by the certificate holders 'as a class' and they did not have equal and ratable interests therein. * * * The causes of action alleged in the complaint are not of that nature because the interest of each certificate holder depends upon the time and circumstances under which he became a certificate holder. Some have no pos-

sible cause of action and *some of the causes of action alleged vested in previous certificate holders who have transferred their certificates.*'' (Emphasis supplied.)

In *Hendry* v. *Title Guarantee & Trust Co.* (255 App. Div. 497, affd. 280 N. Y. 740) certificate holders sued defendant for breach of duty in releasing a condemnation award to the mortgagor. The Appellate Division said (p. 500), '' The cause of action for that breach of trust did not pass from hand to hand with the certificate.''

In *Emmerich* v. *Central Hanover Bank & Trust Co.* (*supra*) we held that the rights of a bondholder in the case of a breach of a fiduciary duty not involving a surrender or release of the mortgaged property arise from the fiduciary relation between the trustee and the beneficiary and are purely personal to each bondholder. They exist independently of and without regard to the mortgaged property and do not pass with a transfer of the bonds.

It may be that the plaintiff's cause of action was transferred to the receiver of S. W. Straus & Co., Inc., pursuant to the order of the Supreme Court. That order is not before us nor are its terms alleged in the complaint. We assume, therefore, that nothing more than the bonds was transferred. An assignment would be necessary to transfer the right of action.

The orders should be reversed, with costs to the appellants in all courts and the defendant's motion denied. The certified question should be answered in the affirmative.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, DESMOND and THACHER, JJ., concur.

Orders reversed, etc.