■ NATIONAL CONVERSION CORP., Respondent-Appellant, v. CEDAR BUILDING CORP. et al., Appellants-Respondents.— In an action by a lessee of real property to recover damages for fraud and breach of warranty, in which defendant Henry Zirinsky interposed counterclaims to recover the amount due as rent, additional rent and for reasonable use and occupation of the premises, which action was consolidated with a summary proceeding instituted on behalf of the defendant lessors, the latter appeal from so much of a judgment of the Supreme Court, Kings County, dated March 23, 1967, as was in favor of plaintiff and which dismissed the counterclaims and the summary proceeding and plaintiff cross-appeals from so much of said judgment as failed to grant it damages in excess of $69,436.58. Judgment affirmed, insofar as appealed from, without costs. No opinion. Christ, Acting P. J., Hopkins and Martuscello, JJ., concur; Benjamin, J., dissents with the following memorandum, in which Munder, J., concurs: I would reverse the judgment and dismiss the complaint, as well as the summary proceeding as moot, severing the action and remitting to the Trial Term for the purpose of determining the damages sustained by defendants by reason of plaintiff's breach of the lease and occupancy of the premises; and, upon such determination, to direct judgment in favor of defendant Zirinsky upon the counterclaims. The plaintiff leased property from the defendants to be used for the purpose of converting garbage to organic fertilizer. The defendants represented both orally and in the lease that the premises were located in an unrestricted zone and that the proposed use of the property would not violate the zoning ordinance. Plaintiff, in turn, had previously covenanted both orally and in the lease that its operation of its business would produce no objectionable odors or gasses. Plaintiff also offered testimony at trial to the effect that the normal operation of its business in fact produced no objectionable odors. The representation made to plaintiff was untrue since the property was located in an M-1 manufacturing zone. The conversion of garbage to organic fertilizer is a permitted use in an M-1 district, provided such use complies with all applicable performance standards for the district. The proof established that the only performance standard with which the plaintiff's factory might not have complied related to the emission of odors. Odors were not permitted to be emitted in such quantities as were readily detectable at any point along lot lines or to create a hazard or public nuisance beyond lot lines. Had plaintiff complied with this standard, in accordance with its own representation, the testimony established no ground upon which a certificate of occupancy could have been denied it. Even had the property been located in an M-3 zone, the zone most beneficial to the plaintiff, it would still have been required to conform to use standards with regard to the emission of odors. Therefore, it becomes apparent that the plaintiff relied upon the representation of the defendants only to the extent that it assured that the applicable zoning regulation permitted the operation of its business; and, to this extent, the representation was true. Plaintiff cannot be held to have relied on the representation for assurance that it could have operated even with the emission of odors since it was, and is, satisfied with its ability to operate without the emission of odors (cf. *Jones* v. *Title Guar. & Trust Co.,* 277 N. Y. 415, 419). The defendant's representation must be read in conjunction with and in the light of the plaintiff's prior representation. They were, in my opinion, interdependent representations. The same

lack of reliance bars recovery on the cause of action for breach of warranty (*200 East End Ave. Corp.* v. *General Elec. Co.*, 5 A D 2d 415, affd. 6 N Y 2d 731; *Lewitus* v. *Brown & Seccomb,* 228 App. Div. 146).