OPINION OF THE COURT
Richard F. Braun, J.
This is an action for breach of contract, failure of collection on a check for $100,000 from the account of defendant Jung Wor Chin (defendant), and failure of collection on a check for $115,000 from the account of defendant Jung Wor Chin, Architect P.C. Defendants counterclaim for rescission of the subject contract. Plaintiff moves for summary judgment against defendant.
Plaintiff and defendant entered into a contract of sale for 110 West 129th Street, New York, New York. Defendant was to pay a $215,000 down payment when the contract was signed. Defendant did so by providing plaintiff with a $100,000 check from his personal account and a $115,000 check from the corporate account of Jung Wor Chin, Architect P.C., which was not a party to the contract. Defendant stopped payment on the checks, and they were returned to plaintiff uncollected. The contract did not include a finance contingency provision. The contract included a merger clause that any changes to the contract must be in writing and signed by the party against whom enforcement was sought. The contract also had a provision that, if defendant defaulted, plaintiff was entitled to the down payment as liquidated damages.
A party moving for summary judgment must demonstrate that there are no disputed issues of fact and that he, she, or it is entitled thereto as a matter of law, pursuant to CPLR 3212 (b) (Smalls v AJI Indus., Inc., 10 NY3d 733, 735 [2008]; Pokoik v Pokoik, 115 AD3d 428 [1st Dept 2014]; see Gammons v City of *369 New York, 24 NY3d 562, 569 [2014]). To defeat summary judgment, the party opposing the motion has to show that there is a material question(s) of fact that requires a trial (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; CitiFinancial Co. [DE] v McKinney, 27 AD3d 224, 226 [1st Dept 2006]; see Hoover v New Holland N. Am., Inc., 23 NY3d 41, 56 [2014]).
Plaintiff relies on the liquidated damages provision in the contract as stating plaintiffs entitlement to the down payment in the event of a breach. Defendant argues that he himself never tendered the initial down payment of $215,000, but only part, and that therefore the contract never came into existence. Defendant argues that plaintiff was aware that he needed additional investors for the down payment funds. When no investors could be found by defendant, he asserts that the contract was modified to provide for a joint venture with plaintiff in which plaintiff was to obtain a $2.5 million construction loan. In the reply affidavit by Shimon Shkury, plaintiffs sole member, he informs the court that “no joint-venture agreement was ever negotiated, agreed upon or executed.” Defendant did not produce an executed joint venture agreement, only a written joint venture proposal by plaintiff. Plaintiff relies on the statement in the proposal that it was subject to the execution of a written joint venture agreement. In Jordan Panel Sys. Corp. v Turner Constr. Co. (45 AD3d 165, 169 [1st Dept 2007]), the Court noted the principle “which recognizes that ‘when a party gives forthright, reasonable signals that it means to be bound only by a written agreement, courts should not frustrate that intent’ ” (citations omitted; see RAJ Acquisition Corp. v Atamanuk, 272 AD2d 164, 164-165 [1st Dept 2000]).
As stated in Harris v Seward Park Hous. Corp. (79 AD3d 425, 426 [1st Dept 2010]), “The elements of . . .a claim [for breach of contract] include the existence of a contract, the plaintiff’s performance thereunder, the defendant’s breach thereof, and resulting damages (see Morris v 702 E. Fifth St. HDFC, 46 AD3d 478 [2007]).” Defendant executed the contract and provided checks for the down payment. Defendant did not choose the option of not entering into the contract until the down payment was available to him (Torres v D'Alesso, 80 AD3d 46, 58 [1st Dept 2010]).
Defendant contends that there was no contract because a condition precedent to the contract was not met in that he did not pay the entire down payment himself. Defendant argues that the checks were not an adequate down payment because *370 $115,000 was from a corporate entity that was not a party to the contract. As noted in Amies v Wesnofske (255 NY 156, 162 [1931]), a party to a contract who is “the cause of the failure of performance of a condition upon which his own liability depends . . . cannot take advantage of the failure.”
The broad merger clause in the contract negates any alleged oral agreement creating a condition precedent. The fully executed contract was binding and absolute. The statute of frauds barred any oral agreement. The merger clause provided finality. General Obligations Law § 15-301 (1) does not allow for oral executory agreements. The alleged oral condition precedent, relied on by defendant, contradicted the written contract and would create an. unbargained-for finance contingency provision. Furthermore, ambiguous allegations lacking in definiteness cannot be used to create a condition precedent.
With respect to the statute of frauds, the Court in Generas v Hotel des Artistes (117 AD2d 563, 566 [1st Dept 1986]) instructed:
“In order to satisfy the Statute of Frauds (General Obligations Law § 5-703 [2]), a memorandum, signed by the party to be charged, must designate the parties, identify and describe the subject matter and state all of the essential terms of a complete agreement.
“No contract for the sale of real property can be created when a material element of the contemplated bargain has been left for further negotiations” (citations omitted).
In Torres v D'Alesso (80 AD3d 46, 47-48 [1st Dept 2010]), the Court explained:
“When both parties to a real estate sales contract have executed and delivered to the other party a completely integrated written contract containing the specific language that any prior oral agreements or representations are merged into the writing, and that ‘neither party reifies] upon any statement made by anyone else that is not set forth in this contract,’ such a contract may not be avoided by a claim of a prior orally-agreed-upon condition precedent to the effectiveness of the contract. The rule that the parties to a written contract may orally agree to a condition precedent to the effectiveness of the contract, so that a party must be permitted to prove by parol evidence a claim that the contract never became effective because the condition precedent never occurred (see Hicks v Bush, 10 NY2d 488, 491 [1962]), is not applicable *371 under circumstances such as those presented here. Even if the rule were applicable here, the purported condition would be unenforceable because it contradicts terms of the writing. And, the words used to create the condition lack the ‘clear language showing that the parties intended to make it a condition’ (Unigard Sec. Ins. Co. v North Riv. Ins. Co., 79 NY2d 576, 581 [1992]) that is necessary to validly create a condition precedent to the effectiveness of the contract.”
Defendant counterclaims for rescission, which is an equitable remedy (see Stambovsky v Ackley, 169 AD2d 254, 260 [1st Dept 1991]). Defendant seeks to disaffirm the contract and return to the status that existed before the transaction was executed. In Jones v Title Guar. & Trust Co. (277 NY 415, 419 [1938]), the Court stated:
“ ‘To warrant the rescission of a contract or other obligation it must further be shown that the false representations complained of were the inducement to the contract, that is, that they created such an impression in the mind of the party complaining, in regard to the character or value of the subject-matter, the advantageous nature of the contract, etc., as to overcome any indecision on his part and lead or influence him into giving his consent. . . .
“ ‘A conclusive test of misrepresentations being the inducement to the contract is the fact (if it be so) that the party would have refused his consent if the representations had not been made or if he had known the truth.’ ”
Defendant has not demonstrated a meritorious counterclaim for rescission of the contract. Here, in light of plaintiff’s assertion of meritorious claims against defendant (and, if that were not so, the contract would not be enforced, and rescission would be unnecessary), the remedy of rescission will not be afforded to defendant.
Therefore, by separate decision and order, plaintiff’s motion was granted to the extent of awarding plaintiff summary judgment against defendant in the amount of $215,000, plus interest from April 9, 2008, the date of the breach of the contract (CPLR 5001 [a], [b]), and dismissing defendants’ first and third defenses, and counterclaim. The remaining claim against defendant Jung Wor Chin, Architect P.C. was severed.