MARCEL KOVARSKY, Respondent, *v.* BROOKLYN UNION GAS COMPANY, Appellant.

Argued October 4, 1938; decided December 9, 1938.

The following question was certified:

" Does the complaint state facts sufficient to constitute a cause of action? "

*Jackson A. Dykman* and *Dimitri G. S. Eristoff* for appellant. A representative action does not lie for the relief demanded. (*City of New York* v. *New York Edison Co.*, 196 App. Div. 644; *Marsh* v. *Kaye*, 168 N. Y. 196; *Bouton* v. *Van Buren*, 229 N. Y. 17.) The plaintiff has an adequate remedy at law. (*Midland Realty Co.* v. *Kansas City Power Co.*, 300 U. S. 109; *City of New York* v. *New York Edison Co.*, 196 App. Div. 644; *City of New York* v. *Maltbie*, 274 N. Y. 90; *Matter of New York Edison Co.* v. *Maltbie*, 244 App. Div. 685; 271 N. Y. 103; *Public Service Comm.* v. *Pavilion Natural Gas Co.*, 232 N. Y. 146; *Town of North Hempstead* v. *Public Service Corp.*, 231 N. Y. 447; *Matter of Leitner* v. *New York Tel. Co.*, 277 N. Y. 180; *People ex rel. Kings Co. Lighting Co.* v. *Willcox*, 210 N. Y. 479; *People ex rel. Town of Scarsdale* v. *Pub. Serv. Comm.*, 220 N. Y. 1; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Pub. Serv. Comm.*, 215 N. Y. 241; *People ex rel. Village of South Glens Falls* v. *Pub. Serv. Comm.*, 225 N. Y. 216.) A reconnection charge does not come within the prohibition of subdivision 6 of section 65 of the Public

Service Law (Cons. Laws, ch. 48). (*City of Rochester* v. *Rochester Gas & Electric Corp.*, 233 N. Y. 39; *Brooklyn Union Gas Co.* v. *City of New York*, 50 Misc. Rep. 450; 115 App. Div. 69; 188 N. Y. 334; *United States Light & Heat Corp.* v. *Niagara Falls Gas & Electric Light Co.*, 47 Fed. Rep. [2d] 567.)

*Gay H. Brown, Raymond J. McVeigh* and *George E. McVay* for Public Service Commission of the State of New York, *amicus curiæ.* Jurisdiction over the subject-matter of rates and charges has been lodged in the Public Service Commission. (*Matter of Village of Saratoga Springs* v. *Saratoga Gas, Electric Light & Power Co.*, 191 N. Y. 123; *Purcell* v. *N. Y. C. R. R. Co.*, 268 N. Y. 164; 296 U. S. 545; *Morrell* v. *Brooklyn Borough Gas Co.*, 231 N. Y. 398; *City of New York* v. *Maltbie*, 274 N. Y. 90; *Matter of City of Long Beach* v. *Public Service Comm.*, 249 N. Y. 480.) A reconnection charge does not come within the prohibition of subdivision 6 of section 65 of the Public Service Law. (*City of Rochester* v. *Rochester Gas & Electric Corp.*, 233 N. Y. 39; *McCormick* v. *Westchester Lighting Co.*, 141 Misc. Rep. 261; 238 App. Div. 845; *U. S. Light & Heat Corp.* v. *Niagara Falls Gas & Electric Light Co.*, 23 Fed. Rep. [2d] 719; 47 Fed. Rep. [2d] 567; *United States* v. *Chicago, North Shore & Milwaukee R. R. Co.*, 288 U. S. 1.) The plaintiff has an adequate remedy at law and cannot collaterally review all the action of the Public Service Commission. (*City of New York* v. *New York Edison Co.*, 196 App. Div. 644; *Purcell* v. *N. Y. C. R. R. Co.*, 268 N. Y. 164; *Town of North Hempstead* v. *Public Service Corp.*, 199 App. Div. 189; *New York State Electric & Gas Corp.* v. *Maltbie*, 147 Misc. Rep. 560; 266 N. Y. 521; *Murray* v. *New York Tel. Co.*, 170 App. Div. 17; 226 N. Y. 590; *Matter of Carroll Realty Corp.* v. *New York Edison Co.*, 141 Misc. Rep. 266.)

*William L. Ransom, Wesley A. Sturges* and *P. M. Berkson* for Consolidated Edison Company of New York,

Inc., et al., *amici curiæ.* Upon such facts as are stated in the complaint, the reconnection charge is a payment authorized by the rate schedule to be required of such few customers as request the company to incur special expense in having their service temporarily discontinued for their individual saving and then restored. The court should not sustain the nullification of such a rate schedule provision in the absence of any showing or even allegations of facts which would tend to show that the reconnection charge is anything else or that it is a service charge prohibited as an additional charge for gas supplied. (*Midland Realty Co.* v. *Kansas City Power Co.,* 300 U. S. 109; *City of Rochester* v. *Rochester Gas & Electric Corp.,* 233 N. Y. 39.) A consumer may not maintain a representative action to obtain an adjudication of the invalidity, or an injunction against the uniform enforcement, of a rate schedule provision applying on equal terms to him and such other consumers as are similarly situated. (*Purcell* v. *N. Y. C. R. R. Co.,* 268 N. Y. 164; *City of New York* v. *New York Edison Co.,* 196 App. Div. 644; *Matter of New York Edison Co.* v. *Maltbie,* 244 App. Div. 685; 271 N. Y. 103; *Pennsylvania R. R. Co.* v. *Puritan Coal Mining Co.,* 237 U. S. 121; *Matter of Leitner* v. *New York Tel. Co.,* 277 N. Y. 180; *Natural Gas Pipeline Co.* v. *Slattery,* 302 U. S. 300; *Myers* v. *Bethlehem Shipbuilding Corp.,* 303 U. S. 41; *New York Lumber Trade Assn.* v. *Lacey,* 245 App. Div. 262; 269 N. Y. 595; 298 U. S. 684; *New York State Electric & Gas Corp.* v. *Maltbie,* 241 App. Div. 780; 266 N. Y. 521; *United States Navigation Co.* v. *Cunard S. S. Co.,* 284 U. S. 474; *Matter of Carroll Realty Corp.* v. *New York Edison Co.,* 141 Misc. Rep. 266; *Town of North Hempstead* v. *Public Service Corp.,* 199 App. Div. 189.)

*Edmund B. Naylon* and *George Foster, Jr.,* for New York State Electric and Gas Corporation, *amicus curiæ.* The term " service charge " has a well-established mean-

ing as applied to public utilities and does not embrace a reconnection charge. (*City of Rochester* v. *Rochester Gas & Electric Corp.*, 24 St. Dept. Rep. 175; 233 N. Y. 39; *State ex rel. City of St. Joseph* v. *Busby*, 274 S. W. Rep. 1067; *Rivelli* v. *Providence Gas Co.*, 44 R. I. 76; *State* v. *Sloan*, 139 La. 881; *Grant* v. *Dept. of Public Utilities*, 279 Mass. 38; *Combs* v. *Prestonsburg Water Co.*, 260 Ky. 169; *Columbus, Delaware & Marion Elec. Co.* v. *Public Utilities Comm.*, 123 Ohio St. 687.) The amendment prohibiting the imposition of " service charges " cannot be construed to outlaw a charge imposed for reconnecting service, discontinued at the consumer's instance. (*Broderick* v. *Weinsier*, 253 App. Div. 213; 278 N. Y. 419; *Zajic* v. *Sikora Realty Corp.*, 252 App. Div. 343; *People ex rel. Watson* v. *Lamphier*, 104 Misc. Rep. 622; *Knowlton* v. *Moore*, 178 U. S. 41; *People ex rel. Hunt* v. *Lane*, 132 App. Div. 406; *Long* v. *Ulmer Machinery Co.*, 77 Cal. App. 66; *Metzler* v. *Thye*, 163 Cal. 96; *Bernstein* v. *Alcorn*, 194 Iowa, 1109; *King* v. *Elliot*, 197 N. C. 93; *United States* v. *Chicago, N. & M. R. R. Co.*, 288 U. S. 1.)

*Earl L. Dey* for Rochester Gas and Electric Corporation, *amicus curiæ*. A reconnection charge does not come within the prohibition of subdivision 6 of section 65 of the Public Service Law. (*City of Rochester* v. *Rochester Gas & Electric Corp.*, 233 N. Y. 39.) The construction of subdivision 6 of section 65 of the Public Service Law by the Public Service Commission should be followed. (*Grimmer* v. *Tenement House Dept.*, 205 N. Y. 549; *United States* v. *Chicago, N. & M. R. R. Co.*, 288 U. S. 1.)

*Israel Beckhardt* for respondent. The courts, and not the Public Service Commission, have exclusive jurisdiction to determine the question of law involved in the action. (*Matter of Leitner* v. *New York Tel. Co.*, 277 N. Y. 180; *People ex rel. Municipal Gas Co.* v. *Public Service Comm.*, 224 N. Y. 156; *Matter of Village of Boonville* v. *Maltbie*, 272 N. Y. 40; *Great Northern Ry. Co.* v.

*Merchants Elevator Co.*, 259 U. S. 285; *Brown Lumber Co.* v. *Louisville & Nashville R. R. Co.*, 299 U. S. 393; *Siler* v. *Louisville & Nashville R. R. Co.*, 213 U. S. 175; *City of New York* v. *Maltbie*, 274 N. Y. 90; *City of New York* v. *Brooklyn City R. R. Co.*, 232 N. Y. 463; *People ex rel. New York Steam Co.* v. *Straus*, 186 App. Div. 787; 226 N. Y. 704; *McCormick* v. *Westchester Lighting Co.*, 141 Misc. Rep. 261; 238 App. Div. 845; *Bronx Gas & Electric Co.* v. *Public Service Comm.*, 190 App. Div. 13; *Pennsylvania R. R. Co.* v. *Puritan Coal Mining Co.*, 237 U. S. 121; *City of New York* v. *Interborough R. T. Co.*, 257 N. Y. 20.) The so-called "reconnection" charge is in reality a fee for the service of installing gas apparatus, and clearly violates the law. (*City of Rochester* v. *Rochester Gas & Electric Corp.*, 233 N. Y. 39; *U. S. Light & Heat Corp.* v. *Niagara Falls Gas & Electric Light Co.*, 47 Fed. Rep. [2d] 567; *Long* v. *Ulmer Machinery Co.*, 77 Cal. App. 66; *McCormick* v. *Westchester Lighting Co.*, 141 Misc. Rep. 261; 238 App. Div. 845.) The representative form of action is proper. (*Whitmore* v. *New York Inter Urban Water Co.*, 158 App. Div. 178; *McKenzie* v. *L'Amoureaux*, 11 Barb. 516; *Greer* v. *Smith*, 155 App. Div. 420; *Tyndall* v. *Pinelawn Cemetery*, 198 N. Y. 217; *Atkins* v. *Trowbridge*, 162 App. Div. 161; *Clarke* v. *Clarke*, 8 Misc. Rep. 339; 145 N. Y. 476; *Hilton Bridge Construction Co.* v. *Foster*, 26 Misc. Rep. 338; 42 App. Div. 630; *Whiting* v. *Elmira Industrial Assn.*, 45 App. Div. 349; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Rhine* v. *N. Y. Life Ins. Co.*, 273 N. Y. 1.)

HUBBS, J. This is a representative action brought by the plaintiff in behalf of himself and all others similarly situated to restrain the defendant from making a charge which the plaintiff calls a service charge and claims is illegal.

On June 5, 1936, the plaintiff requested the defendant to discontinue the gas service at his home, and the defendant

sent a man who shut off the gas by locking the meter. At plaintiff's request, the defendant on September 9, 1936, turned on the gas and charged him one dollar for the re-connection.

Section 65 of the Public Service Law (Cons. Laws, ch. 48), subdivision 6, provides:

" 6. Service charges prohibited. Every gas corporation shall charge for gas supplied a fair and reasonable price. No such corporation shall make or impose an additional charge or fee for service or for the installation of apparatus or the use of apparatus installed."

In his complaint herein plaintiff asks for an injunction restraining the defendant from collecting the charge made as above stated; that the defendant be required to account to all those from whom it has collected a like charge; for a declaration of the rights of the parties; and for such other and further relief as may be just and proper. Plaintiff has not paid the charge but the defendant continues to bill him for it and threatens to turn off the gas unless it is paid.

The Special Term dismissed the complaint on the ground that the plaintiff should have proceeded under section 71 of the Public Service Law. The Appellate Division reversed on the law, holding that a representative action is proper and that the charge comes within the prohibition of the statute, being a service charge. The Appellate Division certified to this court the question: " Does the complaint state facts sufficient to constitute a cause of action? "

We are required to determine whether the plaintiff has sought the proper remedy, whether in any case he can bring a representative action and whether the charge is a " service charge " within the prohibition of the statute.

There is no doubt that the usual practice, and the one to be encouraged, is to file a complaint with the Public Service Commission and, if its order be deemed improper,

to cause the order to be reviewed by certiorari. In the instant case the plaintiff with others similarly situated to the total number of twenty-five might have instituted a proceeding before the Commission for investigation of the charge made by the defendant, which would have required action by the Commission. (Public Service Law, § 71.) Plaintiff states in the complaint that he has requested the Commission to make an investigation but that the request has been refused. We are required to decide whether the proceeding before the Commission, provided for by section 71, is exclusive, or whether it is permissible to seek relief in other ways and for other remedies.

In a number of similar cases the courts reviewed by certiorari the questions of law involved. None of them, however, is authority for holding certiorari to be the exclusive remedy.

In *Matter of Leitner* v. *New York Telephone Co.* (277 N. Y. 180, 189) it was claimed that the defendant, acting on a rule which it had adopted, unreasonably refused to install a public telephone. It was decided that in order to determine the reasonableness of the rule resort must first be had to the Commission. Plaintiff contended that the rule adopted had been unreasonably applied. The court stated: " As to whether rules of a public utility duly promulgated were by it so [unreasonably] applied is open for decision in the courts, but the question of the reasonableness of the rule can be attacked only before the Public Service Commission." (See, also, *People ex rel. Linton* v. *Brooklyn Heights R. R. Co.*, 172 N. Y. 90.) Those cases, which involved an application for an order of mandamus, do not hold that certiorari is the exclusive remedy. They go no farther than to hold that where the reasonableness of a rule is questioned, or where there is claimed to exist an abuse of discretion by railroad directors, or where other remedies are adequate, mandamus will be denied. In the *Leitner* case, however,

the court intimated that where the only question is whether a rule admittedly reasonable was applied in a discriminatory manner equity will take jurisdiction. This is another way of saying that where only questions of law are involved direct application for relief may be made to the court.

In *Murray* v. *New York Telephone Co.* (170 App. Div. 17; affd., 226 N. Y. 590) the plaintiff sought an injunction which was denied. The court in its opinion placed its decision on the ground that where there was no strictly contractual right to be enforced resort should be had to the Commission. It stated: " The trend of the decisions is well evidenced in the case of *Pennsylvania Railroad* v. *Puritan Coal Co.* (237 U. S. 121, 131). There the court pointed out that where attack was made upon the tariff filed, the Commission had the exclusive jurisdiction. While, when the attack is made upon the manner of the application of the tariff, as where it is charged that it is applied in a discriminatory manner, then the matter is for the courts to adjudicate rather than the Commission " (p. 25).

An injunction was denied in *New York State Electric & Gas Corp.* v. *Maltbie* (266 N. Y. 521), where the company sought to prevent the enforcement of an order of the Public Service Commission on the ground that the plaintiff should have applied for a review by certiorari of the order of the Public Service Commission. That case is distinguishable from the present case, as in that case there was an order in a proceeding before the Commission to which the company was a party, and it could have reviewed the order by certiorari, the usual practice, instead of instituting a new action. In the present action the plaintiff was not a party to the order fixing the rate, and thus he has not abandoned one method of review by seeking another.

Where the only question involved is the power of the Public Service Commission to fix rates relief will be

granted in the form of a writ of prohibition. (*Matter of City of Niagara Falls* v. *Public Service Commission*, 229 N. Y. 333.) Various other remedies have been granted. In *Pennsylvania R. R. Co.* v. *Puritan Coal Mining Co.* (237 U. S. 121, 131) the action was for damages for failure to furnish cars to plaintiff during a strike. The company had adopted a rule providing that it would furnish cars on the basis of mine capacity. The court held that the plaintiff had properly brought an action at law without resoit to the Interstate Commerce Commission because it was not attacking the rule. It admitted the reasonableness of the rule but attacked the discriminatory manner in which defendant had applied it to the plaintiff. That was a question of law and it was not necessary to have the Commission pass upon it first. The court said: " In a suit where the rule of practice itself is attacked as unfair or discriminatory, a question is raised which calls for the exercise of the judgment and discretion of the administrative power which has been vested by Congress in the Commission." (See, also, *Great Northern Ry. Co.* v. *Merchants Elevator Co.*, 259 U. S. 285; *Hollis* v. *Kutz*, 255 U. S. 452.)

In *City of New York* v. *Maltbie* (248 App. Div. 39; affd., 274 N. Y. 90) this court held that the Public Service Commission had jurisdiction to fix rates.

In the present case the plaintiff seeks an injunction, a declaratory judgment and an accounting. The above cases indicate that the court may entertain jurisdiction. Although it may not be clear whether the term " service charge " as used in the statute covers a charge for turning on gas after it has been turned off for the summer, that being a question of law there is no necessity of sending the plaintiff back to the Commission to get its interpretation of the term as used in the statute, as the Commission has only such judicial power as is incidental to the exercise of its other powers. Plaintiff's legal remedy is inadequate. He cannot sue for the return of the charge

as he has not paid. His legal remedy is to unite with twenty-four others similarly situated and ask the Commission to consider the question. That would seem a useless procedure, such as was condemned by Justice Holmes in *Hollis* v. *Kutz* (*supra*), in view of the fact that the Commission, by its practice over a fifteen-year period of approving rate schedules including the charge in question, has clearly indicated the interpretation it places upon the statute.

We next consider whether a representative action is proper. Plaintiff sues for the benefit of himself and all other consumers of gas who may be similarly situated, asking for an accounting to those who have paid the charge, for an injunction against charging those the company threatens to charge, and for a declaratory judgment for the benefit of those who may be subject to the charge in the future. It is proper here to allow the representative action for the injunction and the declaratory judgment, but not for the accounting. To maintain a representative action the plaintiff must show that he has a cause of action and that he is representative of a common or general interest. (*Bouton* v. *Van Buren*, 229 N. Y. 17.) This plaintiff has no cause of action for an accounting. He has not paid the charge. Even if he did have a cause of action for an accounting a representative action would not be proper since it appears that the defendant is able to respond in damages, and there is no allegation that there is threatened a multiplicity of suits. To allow a representative action to require an accounting without the allegation that a multiplicity of suits is threatened, it must appear that there is a fund for the benefit of all creditors. (*Tyndall* v. *Pinelawn Cemetery*, 198 N. Y. 217; *Bouton* v. *Van Buren*, *supra*.) Here there is no fund. The liability of the defendant is general and there is no threat of bankruptcy.

On the other hand, plaintiff not only has a cause of action for an injunction, since he is threatened with the

collection of the charge, but in that respect he is representative of all those similarly situated. That is also true as to his application for a declaratory judgment. All consumers are interested in a declaration of the law. All consumers, as is this plaintiff, are liable in the future to be subjected to the charge in question.

The important question here is the interpretation to be placed on the term " service charge " as used in the statute in its application to the particular charge here in question. In spite of the fifteen-year interpretation placed upon the statute with reference to the particular charge by the Public Service Commission, the wording of the statute is so broad that it is difficult to see how this charge can be distinguished from the service charge under consideration in *City of Rochester* v. *Rochester Gas & Electric Corp.* (233 N. Y. 39), which was a flat charge of forty cents per month made to each consumer in addition to the price per thousand cubic feet for gas consumed. It is urged that the law prohibiting service charges was passed after the decision in that case in an evident attempt to prevent that particular charge. It may be that was the intention of the Legislature, but such a presumed intention must give way to the plain language used. If that was the intention of the Legislature all that was necessary to be said was that " service charges " were prohibited; yet it went further and said not only that additional charges for service were prohibited, but also charges " for the installation of apparatus or the use of apparatus installed." The additional prohibition seems to indicate that the Legislature intended a broad use of the term " service charge," the other two designations being merely indicative of its breadth. If, in the instant case, the defendant had discovered, when it attempted to turn off the gas at the request of the plaintiff, that locking of the meter would not prevent use of gas and that removal of the meter was necessary, clearly a charge for reinstalling the meter when turning on the gas would

fall within the prohibition against a charge "for the installation of apparatus." The cost to the company would undoubtedly be greater than if it merely turned off the gas, yet if the construction contended for by the appellant were to be placed upon the statute it would follow that whether a charge may be made depends upon whether the company chooses to turn off the meter or to remove it and reinstall it.

The order should be affirmed, with costs, and the question certified answered in the affirmative.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed, etc.