In the Matter of LEON LEIGHTON, Petitioner, against NEW YORK TELEPHONE COMPANY, Respondent.

Supreme Court, Special Term, New York County, May 3, 1945.

*Frank A. Fritz, Arthur C. Patterson, Ralph W. Brown* and *Bleakley, Platt & Walker* for respondent.

*Leon Leighton,* petitioner in person.

PECK, J. This is a motion to dismiss the petition in a proceeding, in the nature of mandamus, to compel respondent, New York Telephone Company, to recapture the extension telephones in residences of subscribers who have more than one instrument and distribute those extra instruments among applicants for service who have not been accorded service because of the shortage of instruments. Petitioner alleges that he is one of seventy-five thousand residents in the territory served by respondent who have not been able to secure telephone installations and that there are outstanding seventy-five thousand residential extensions which, if recaptured, would fill the needs of all those in the position of petitioner.

Petitioner relies for relief upon the provisions of section 91 of the Public Service Law requiring every telephone corporation to furnish such instrumentalities and facilities as shall be adequate, just and reasonable and not give any undue or unreasonable preference or advantage to any person or subject any person to any undue or unreasonable prejudice or disadvantage in any respect whatsoever.

The respondent's motion to dismiss the petition is made upon the grounds (1) that the War Production Board has nation-wide jurisdiction to allocate telephone facilities and that this court should not make a segmentary invasion of that field; (2) that the Public Service Commission of the State has jurisdiction over the service of respondent and that this court should not pre-empt or interfere with that jurisdiction and (3) that the petition is not sufficient to warrant the granting of petitioner's application in any event, particularly in view of the absence from the proceeding of persons having extension telephones who would be affected by the decision of the court.

Undoubtedly the War Production Board has jurisdiction in this matter but it has not elected to exercise its jurisdiction, probably for the reason that the distribution of extension telephones among residences is of minor importance to the war. The court would not be deterred from taking jurisdiction, therefore, because of the authority of the War Production Board.

The jurisdiction of the Public Service Commission is another matter, however, because it is specifically charged by the law of this State with supervision of the manner in which the lines and property of telephone corporations within its jurisdiction are leased, operated or managed " * * * with respect to the adequacy of and accommodation afforded by their service * * * " (Public Service Law, § 94). The Commission is further given power to assure the adequacy and fair distribution of service (Public Service Law, §§ 96, 97). The petitioner concedes the jurisdiction of the Public Service Commission and advises that he has instituted a proceeding before the Commission to secure the same relief as he seeks by this proceeding (the Commission still has the matter under advisement) but contends that the jurisdiction of this court is concurrent and should not be refused because of the jurisdiction of the Public Service Commission. The petitioner's principal reliance is *Kovarsky* v. *Brooklyn Union Gas Co.* (279 N. Y. 304) which held that a representative action might be maintained by a consumer to restrain a gas company from making an illegal service charge and that the plaintiff was not confined to a proceeding before the Public Service Commission.

The *Kovarsky* case (*supra*) is probably a qualification of the rule, as stated in *Matter of Towers Man. Corp.* v. *Thacher* (271 N. Y. 94, 97) that mandamus will not issue where another remedy is available or provided by law and that a petitioner should exhaust his remedy before an administrative agency having jurisdiction before resorting to a mandamus proceeding.

It should be noted, however, that the *Kovarsky* case (*supra*) was not a mandamus proceeding but was an action for an injunction, and the court went upon the ground that there was only a question of law involved, and in that event direct application for relief might be made to the court. It was clear in that case by the express wording of the statute that the action of the respondent was illegal, without any facts to consider or other considerations to weigh.

It remains true, however, as Judge SHIENTAG said in *Matter of Earl Carroll R. Corp.* v. *N. Y. Edison Co.* (141 Misc. 266, 272): "Certainly sound policy would seem to dictate that courts should not interfere by summary adjudication or by the extraordinary remedy here sought, in matters highly technical in character and often far reaching in their economic consequences, until they have been considered and passed upon by the trained body established for that very purpose and especially equipped to examine into the intricate facts commonly involved in public utility problems."

Also, as held in *Matter of Walsh* v. *LaGuardia* (269 N. Y. 437) the parties affected are entitled to be heard.

On the face of this matter there would seem to be considerable merit in the claim that a fair distribution of telephone facilities would be aided by the telephone company taking surplus instruments which it owns from those who have adequate telephone service without extensions and employing such instruments to establish service for those who have no service at all. On the other hand, there are many questions and considerations which would necessarily arise as to the practicability and perhaps desirability of taking such action and in fixing the standards which are to be applied in determining the need for extensions and whether extensions should be taken from one and not from another.

The formulation and administration of a recapture program, assuming its practicability and desirability, is not feasible in a court proceeding but is peculiarly the kind of matter which should receive the attention of the administrative body which has been set up for dealing with such problems. Certainly there is no mere question of law involved in this case as in the

*Kovarsky* case (*supra*) but, on the contrary, there are complicated considerations of fact, policy and administration. The court is so clear as to the unsuitability of this forum for handling such an issue, and that petitioner should be remanded to the proceeding which he has already instituted before the Public Service Commission, that the motion to dismiss the petition is granted.