CHARLES H. JONES, as Trustee under a Trust Agreement, on Behalf of Himself and All Other Holders of Common Stock of Adams Express Company Similarly Situated, Plaintiff, *v.* GEORGE P. HEALY, as Treasurer of Adams Express Company, a Joint-Stock Association, et al., Defendants.

WILLIAM L. DEMUTH et al., on Behalf of Themselves and All Other Stockholders of Adams Express Company Similarly Situated, Plaintiffs, *v.* GEORGE M. GILLIES, JR., as President of Adams Express Company, et al., Defendants.

WILLIAM G. RABE et al., Plaintiffs, *v.* GEORGE P. HEALY, as Treasurer of Adams Express Company, a Joint-Stock Association, Defendant.

C. SEDWICK LEVY et al., Plaintiffs, *v.* GEORGE M. GILLIES, JR., as President of Adams Express Company, a Domestic Joint-Stock Association, Defendant.

Supreme Court, Special Term, New York County, May 29, 1945.

*Whitney N. Seymour* and *Richard B. Persinger* for Charles H. Jones, plaintiff.

*Harold L. Fierman* and *Milton Kunan* for William L. Demuth and another, plaintiffs.

*Gerard I. Walters* for William G. Rabe and others, plaintiffs.

*J. Norman Lewis* for C. Sedwick Levy and others, plaintiffs.

*Alfred A. Cook, Wm. M. Parke, Ben Herzberg, George T. Clark* and *Leonard P. Moore* for defendants.

PECK, J. This is a motion, after trial (184 Misc. 923) and before judgment, to add parties plaintiff. Whether the motion should be granted depends on whether the action is a representative one. The action, purporting to be representative, was brought by shareholders of the Adams Express Company to set aside an appraisal of the stock of shareholders dissenting from an amendment to the articles of association, which dissent entitled them under the articles to the " true cash value " of their stock as appraised by three officers of the company, upon the ground that the appraisal was contrary to the terms of the articles and contrary to law. The total number of shares objecting to the appraisal was 59,477. The number of shares held by the several plaintiffs in this action was 19,324. The several attorneys for the plaintiffs in this action stated, at the outset of the trial, that they represented 53,000 shares, adding that " the details of such representation may be furnished to the court during the trial, and if there is any dispute as to the representative character of this action, a motion to amend to include all of the shareholders so represented may be made." The defendants took the position at the trial, as stated in their trial brief: " We do not think that in a case like this, resting solely on a contract, there can be any representative suit. The point, however, need not be discussed in this brief since it will be pertinent only with respect to the form of the judgment, that is, whether it should purport to adjudicate not only the rights of the parties before it, but also as to all other dissenting stockholders. As a practical matter, it does not make much difference because Adams would respect the judgment in dealing with all other stockholders in the same position as the plaintiffs, and no such stockholder is likely to obtain a different result in a later action, after a full trial herein."

The shareholders objecting to the appraisal are all in the same position in relation to the company, the appraisal and the question of law involved. No separate issue of fact or law could be drawn with respect to any of the objecting stockholders, and, as recognized by the defendants, all stockholders in their position should be treated alike. The action was tried as a truly representative action, in a co-operative way by

several counsel representing several stockholders, recognizing the identicalness of the issue between them and the company. The case was most competently and thoroughly tried on both sides. Granting that another court, in another action brought by other plaintiffs, might reach a different conclusion · on the same issue, the testing of any dissatisfaction with the court's judgment should be on appeal in this action, rather than by a multiplicity of suits before other judges of first instance. Objecting stockholders who did not participate in the action undoubtedly knew of the action, and had every opportunity to participate therein, but elected to sit on the sidelines with confidence that they would fully benefit from any favorable decision which the plaintiffs secured. By the same token, they should not be permitted to institute a new action, in the hopes of securing a different result, and the defendants should have the benefit of the doctrine of *res judicata* — provided that any objecting shareholder who was not originally party to the action may become a party for the purpose of appeal. Thereby a multiplicity of suits will be avoided, a properly uniform result obtained for all stockholders in an identical position, and all parties will have the benefit and protection of a representative action. Reason and practical considerations dictate the treatment of this action as a representative action. It remains to be seen whether the authorities cited by the defendants require a different view of the matter.

*Brenner* v. *Title Guarantee & Trust Co.* (276 N. Y. 230) and *Soc. Milion Athena* v. *Nat. Bk. of Greece* (281 N. Y. 282) were fraud actions. Obviously, fraud is personal to any individual defrauded, and although several persons are the victims of a single fraudulent scheme, they are not united in interest, and their separate causes of action for fraud are not representative.

*Bickford's, Inc.,* v. *Federal Reserve Bank of New York* (5 F. Supp. 875), was an action to impress a trust upon the proceeds of checks collected by the Federal Reserve Bank at the time of the failure of the Bank of United States. The complaint alleged that plaintiff, among others, had deposited checks drawn on other banks with the Bank of United States shortly before it closed; that the Bank of United States sent the checks to the Federal Reserve Bank for collection, with the result that when the Bank of United States closed, the Federal Reserve Bank held large sums of money representing the proceeds of those checks, and that it had applied those sums to pay the indebtedness owing to it by the Bank of United States, although it then had in its possession securities belong-

ing to Bank of United States sufficient to pay its indebtedness. The relief demanded was that the sums collected by the Federal Reserve Bank be declared a trust fund belonging to the plaintiff and all others similarly situated, and that the Federal Reserve Bank account to the plaintiff and others similarly situated. The court held that the action could not be treated as a representative action, saying (p. 877): " Their rights relate to different property altogether. It may not even be assumed that the questions of fact or of law are the same as to all depositors. The form of endorsement on the checks, the contract with the insolvent bank as to collections, the dates of the transactions — these are factors, and there may be others, that may differentiate the rights of some from the rights of others.''

This court concurs with the *Bickford* decision (*supra*), for the reason above stated, but as defendants rely upon other language in the decision, some clarification is in order. The court said in the *Bickford* case (*supra,* p. 876): " This rule [Federal Equity Rule 38; now Federal Rules of Civil Procedure, rule 23, subd. (a); U. S. Code, tit. 28, § 723c, rule 23, subd. (a)] is merely a statement of what was familiar equity practice before the rule or its predecessor under the old rules was adopted. The general principle is that all interested in the subject-matter of a suit in equity are necessary parties. But an exception is tolerated where numerous parties have a common interest in the subject-matter. * * * The device of a class suit is in general one whereby a plaintiff by suing for himself and as representative of others is enabled in proper cases to forestall an objection by his adversary that there is a nonjoinder of parties. * * * But the interest that enables a court to dispense with the presence of persons and to allow others to represent them must be not merely an interest in the questions of fact and of law involved in the case but a common interest in the subject-matter of the suit.''

While Federal Equity Rule 38 was similar in text to section 195 of the Civil Practice Act, the court was discussing Federal equity practice, and the assimilation of the situations presented by (1) nonjoinder of necessary parties, (2) persons not parties having an interest in the " subject " of the action and (3) the question being one of " common or general interest " to many persons, is not in accordance with our State practice, which draws a distinction between the three different situations. Specifically, a representative action under section 195 of the Civil Practice Act rests on a broader base than forestalling an

objection to a nonjoinder of parties or permitting a representative action where there is a common interest in the subject matter of the suit, if that is to be taken as something narrower than a common or general interest in the question in suit. Section 192 of the Civil Practice Act deals with nonjoinder of necessary parties, permitting new parties in that event to be added at any stage of the cause. Subdivision 3 of section 193 deals with adding parties who have " an interest in the subject thereof ". But over and above these, section 195 of the Civil Practice Act permits a representative action " Where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impractical to bring them all before the court * * *."

The court sees no difference in principle between the case at bar and the types of actions cited by the court in the *Bickford* case (*supra*) as illustrative of class suits — that is, a suit by a judgment creditor in behalf of all judgment creditors to reach equitable assets of the debtor, a suit by a few heirs on behalf of all, a suit by some interested in a fund in which many have similar interests. So long as all questions of law and fact in the case are common to all claimants, and there is no basis for discriminating between them, a basis exists for a representative action. There is no reason why such an action should be limited to cases of a common fund from which the claimants seek payment, and, outside of actions for an accounting, the court finds no decisions imposing that limitation.

Because of variations in the measurement of individual damages in an accounting action, a representative accounting is not permitted without an allegation that a multiplicity of suits is threatened, unless there is a fund for the benefit of all creditors. (*Kovarsky* v. *Brooklyn Union Gas Co.*, 279 N. Y. 304; *Elkind* v. *Chase National Bank*, 259 App. Div. 661.) But apart from an accounting action, there is no requirement of a common fund as a condition to bringing a representative action. That is clear from the *Kovarsky* case (*supra*), where the court allowed the action as a representative one for an injunction and declaratory judgment, involving as it did the question of the legality of a service charge imposed by a public utility, which question was one of common interest. See, also, *Atkins* v. *Trowbridge* (162 App. Div. 161) where a representative action was permitted by holders of bond deposit certificates, in behalf of all certificate holders, for damages for breach of an agreement to purchase the entire issue of bonds.

The question involved in the case at bar is similar to the question involved in the *Kovarsky* case (*supra*) for an injunction and declaratory judgment — the legality of an appraisal in this case, the legality of a service charge in that case. The service charge applied to all consumers indiscriminately, and the appraisal applies to all dissenting shareholders indiscriminately. There was a single appraisal made here, on a per share basis, for all the stock of the dissenting shareholders. No accounting is required. Any valid appraisal determines the rights of all objecting stockholders. They are in every respect in the same position. The question involved in this suit, the legality of an appraisal which fixes the rights of all, is common and identical to all. The action is a representative action, and accordingly, the motion is granted.