DOMINICK GUGLIELMO, Appellant, v LONG ISLAND LIGHTING COMPANY, Respondent.

Second Department, December 21, 1981

APPEARANCES OF COUNSEL

*Vincent G. Berger, Jr.,* for appellant.

*Edward M. Barrett (Victor A. Staffieri* of counsel), for respondent.

### OPINION OF THE COURT

MANGANO, J.

The issue on this appeal involves our consideration of the administrative law doctrine of primary jurisdiction.

Plaintiff alleges two causes of action. The first claims that defendant (Lilco) arbitrarily and unreasonably sent him an electric bill for an extraordinary and improper charge. He alleges that he has been a Lilco electric customer since 1950, and has always paid his bills. In April, 1979, he received a bill for arrears in the amount of

$5,541.76. He refused to pay the bill because he alleges it is incorrect, and complains that he has been forced to interrupt his normal business activities in order to attempt to have it corrected. He further complains that his business activities have been interrupted by an improper discontinuance of electrical service as a result of his nonpayment of the allegedly incorrect bill. This first cause of action, therefore, appears to sound in negligence, claiming that plaintiff was "put out", or damaged, due to Lilco's negligent miscalculation, and discontinuance, of electrical service.

The second cause of action appears to allege an intentional tort of harassment. That is, plaintiff complains that Lilco threatened to, and did, terminate electrical service without the authority of law. He claims that Lilco contended that section 15 of the Transportation Corporations Law authorized the discontinuance, but asserts that the statute does not apply to "a case with facts or circumstances similar to the instant situation."

Within this action for damages, plaintiff brought on a motion, by order to show cause, for a preliminary injunction, enjoining Lilco's discontinuance of electrical service pending the trial of the action.

Lilco cross-moved to dismiss the complaint.

In Lilco's attorney's affidavit in opposition to the motion for a preliminary injunction and in support of the cross motion for dismissal, it was stated as follows:

(1) plaintiff is an electrical customer of defendant;

(2) on November 15, 1978, a Lilco investigator found certain evidence indicating a tampering with plaintiff's electric meter, and installed a new meter;

(3) a review of plaintiff's billing history revealed a sharp drop in usage in October, 1972, and lowered readings until the new meter was installed in 1978, with the very next bill indicating usage three times the previous consumption; and

(4) based on this evidence Lilco rebilled plaintiff for the adjusted usage between 1972 and 1978 in accordance with its tariff filed with, and approved by, the Public Service

Commission (PSC). This recalculation was according to Lilco's usual methods approved by PSC for such cases.

In the order appealed from, Special Term dismissed the motion for a preliminary injunction, without prejudice. It then granted the cross motion for dismissal, stating that "[p]laintiff should have presented the matter to the Public Service Commission before starting this Court action." Plaintiff appeals.

The gravamen of plaintiff's claims is that Lilco had no right in law or fact to bill him for arrears; that he had every right not to pay such a bill; and that Lilco had no right to disconnect service for plaintiff's just act of nonpayment. The instant complaint, therefore, basically constitutes the formal commencement of a billing dispute.

The PSC is the administrative agency with the authority, and established procedures, for investigating and adjudicating such disputes (Public Service Law, § 66; 16 NYCRR Part 11). Consequently, a well-settled rule of administrative law, which finds expression in the doctrine of primary jurisdiction, is applicable here. (See, generally, 3 Davis, Administrative Law Treatise [1st ed], ch 19.) That doctrine serves as a guide to courts in determining whether they should refrain from exercising jurisdiction until after an administrative agency has determined some question or some aspect of a question arising in a particular judicial proceeding. In *United States v Western Pacific R.R. Co.* (352 US 59, 63-64), the United States Supreme Court discusses the doctrine of primary jurisdiction and states that: "[L]ike the rule requiring exhaustion of administrative remedies, [it] is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory, duties. 'Exhaustion' applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course. 'Primary jurisdiction,' on the other hand, applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process

is suspended pending referral of such issues to the administrative body for its views. *General American Tank Car Corp.* v. *El Dorado Terminal Co.,* 308 U.S. 422, 433." Citing *Western Pacific R.R. Co.,* this court held: "The doctrine of primary jurisdiction is concerned with promoting proper relationships between the courts and administrative agencies * * * In such instances, the judiciary has a limited function of review only after the agency has made a determination, on the theory that such legal issues should be relegated to those agencies which are better equipped than courts by reason of their specialized knowledge and experience (see *Far East Conference v United States,* 342 US 570, 574-575; *Hewitt-Robins, Inc. v Freight-Ways,* 371 US 84). This doctrine is recognized in New York (see *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375)." *(Fusco v New York Prop. Underwriters Assoc.,* 70 AD2d 895, 896.)

There is no question that the PSC has the authority to resolve a billing dispute as alleged in the instant complaint (see Public Service Law, § 66; 16 NYCRR Part 11). This is especially true since the dispute essentially involves questions of fact concerning, *inter alia,* Lilco's final calculation of plaintiff's unmetered electric usage, the methods utilized in making such a calculation, and the propriety of Lilco's discontinuance of plaintiff's service for nonpayment of what it claims to be an accurately rendered bill. It would appear, therefore, that under the doctrine of primary jurisdiction the controversy at bar should be referred to the PSC.

It is suggested by plaintiff, however, that the doctrine of primary jurisdiction is inapplicable where, as here, a question of law has been raised. (See 1 NY Jur, Administrative Law, § 171, p 574; 2 NY Jur 2d, Administrative Law, § 182, pp 290-293.)

Plaintiff contends that he has put in issue a question of law concerning the statutory construction of section 15 of the Transportation Corporations Law, and, particularly, the following language: "1. If any person supplied with gas or electric light by [a utility company] shall neglect or refuse to pay the rent or remuneration due for the same * * * such [utility] may discontinue the supply of gas or

electric light to the premises of such person". The argument is that an interpretation of section 15 is required to determine whether that section only permits discontinuance of service where there is nonpayment of an undisputed bill, or if it includes a case, such as the one at bar, where there is nonpayment of a disputed bill. Plaintiff states that the legal issue herein is whether Lilco misapplied its authority under section 15 of the Transportation Corporations Law by misinterpreting that statute as allowing it to discontinue plaintiff's service where he has disputed his bill for unmetered usage.

First of all, plaintiff has misstated the issue. In claiming that Lilco misinterpreted and misapplied the statute, he purports to be arguing that discontinuance of service was unauthorized because his objections to his electric bill rendered it a disputed bill, which allegedly cannot serve as a basis for discontinuance. It is as if a "disputed bill" exists in the abstract, disassociated from the objections made against it. This is certainly not true, and, even if it were, it is not the case made out by the instant complaint. In this action, plaintiff has not, as he would have it, pleaded that Lilco improperly discontinued service merely because he objected to his bill, placing it in dispute, but because he raised objections and those objections would be sustained on their merits. Plaintiff has alleged that the bill was wrong and he was right in not paying it, which is exactly what he must say to maintain, in good faith, that nonpayment was justified.

The real controversy, then, is whether plaintiff's bill for arrears was correct. This is essentially a question of fact, which will require for its resolution the very knowledge and experience possessed by the PSC concerning, for example, its own rules and regulations regarding the calculation of unmetered electric usage, industry practices in substantial conformity therewith, and Lilco's own rules, regulations and practices. Questions of law are only involved to the extent that, depending on the ultimate findings of fact, the decision maker will have to determine whether the law and its remedies will or will not apply.

Consequently, the question of law that plaintiff urges does not exist in this case. Thus, the "question of law"

exception to the doctrine of primary jurisdiction, as presented by plaintiff, is not an issue.

Nevertheless, if it were, we find that plaintiff has misstated the rule. His argument implies that if there is a case to which the doctrine of primary jurisdiction could apply, and if that case involves questions of law, then the party seeking relief should not be relegated, in the first instance, to the administrative agency regulating the member or members of that industry whose actions are in controversy. The rule in New York, however, is as stated in *Kovarsky v Brooklyn Union Gas Co.* (279 NY 304, 312), that "where *only* questions of law are involved direct application for relief may be made to the court" (emphasis added).

In *Kovarsky (supra),* plaintiff essentially sought declaratory and injunctive relief. The utility had charged him a $1 reconnection charge for gas service based on its interpretation of former subdivision 6 of section 65 of the Public Service Law. The plaintiff, who had not paid the charge, sought to have the utility enjoined from discontinuing service for nonpayment of the reconnection charge, and to have the statute interpreted as not authorizing such a charge. The facts were uncontroverted. The only question there involved the statutory construction of former subdivision 6 of section 65 of the Public Service Law. The court held that since this was strictly a question of law there was no necessity of sending the plaintiff back to the PSC to get its interpretation of the term "service charge" as used in the statute, especially since "the Commission, by its practice over a fifteen-year period of approving rate schedules including the charge in question, ha[d] clearly indicated the interpretation it places upon the statute."* *(Kovarsky v Brooklyn Union Gas Co., supra,* p 314; see *Matter of Leighton v New York Tel. Co.,* 184 Misc 827, 828-829.)

In *Kirn v Noyes* (262 App Div 581, 584), an action for a declaratory judgment, the "question of law" exception was again considered and the court held: "There is no statutory limitation upon the bringing of such an action and one brought should be entertained when a declaratory judg-

---

* It should be noted that in *Kovarsky* plaintiff had stated that he had requested the PSC to make an investigation but that his request had been refused. *(Kovarsky v Brooklyn Union Gas Co.,* 279 NY 304, 311.)

ment will serve a practical end in determining and stabilizing an uncertain or disputed *jural* question, either as to present or prospective obligations." (Emphasis added.) The court emphasized that the declaratory judgment action could be entertained because "the legality or meaning of a statute or of a ruling made by an administrative official [was] in dispute and *no question of fact [was] involved. (Dun & Bradstreet, Inc. v. City of New York, 276 N. Y. 198; Socony-Vacuum Oil Co., Inc. v. City of New York, 247 App. Div. 163; affd., 272 N. Y. 668.)" (Kirns v Noyes, supra, p 583; emphasis added; see 2 NY Jur 2d, Administrative Law, § 182, p 291.)

In the case at bar, there are, at least, both questions of law and fact, and, as we have already found, the latter predominate. Wherefore, plaintiff's argument that the administrative law doctrine of primary jurisdiction is inapplicable must be rejected.

In doing so, we also reject another of plaintiff's arguments based on a dictum in *Matter of Leitner v New York Tel. Co.* (277 NY 180). In *Leitner,* an application was made for a peremptory order of mandamus to compel defendant to reinstate public coin box telephone service in two telephone booths located in a store operated by petitioner. The Court of Appeals held (p 186) that such an order may not issue unless petitioner has a clear legal right to the relief sought. The petition, therefore, was dismissed since the validity of defendant's rules was not questioned (p 189), and those rules made defendant the sole judge as to the location of public telephone service (p 189). The court then stated, in a dictum, that if petitioner were attacking the reasonableness of defendant's rules, such attack would have to be conducted before the Public Service Commission. But if the issue were the unreasonable or discriminatory application of those rules, such a question would be "open for decision in the courts". *(Matter of Leitner v New York Tel. Co., supra,* p 189.)

Plaintiff in this case reasons that since he has not questioned the reasonableness of Lilco's rules but only their application to him, he cannot be prevented from seeking relief in the courts in the first instance. This follows, however, from an overly broad reading of the

*Leitner* dictum in conjunction with the distinguishable case of *Hewitt v New York, New Haven & Hartford R.R. Co.* (284 NY 117).

As to the former, the Court of Appeals merely indicates that courts may entertain at law actions against public utilities for the discriminatory or unreasonable enforcement of their rules against individual customers. Nothing in this statement precludes application of the doctrine of primary jurisdiction to such actions since, in fact, that doctrine only applies where a claim is originally cognizable in the courts. *(United States v Western Pacific R.R. Co.,* 352 US 59, *supra.)*

As to *Hewitt v New York, New Haven & Hartford R.R. Co.* *(supra,* pp 125-126), an action for damages against the railroad for unfair and discriminatory practices, the court concluded that " 'if the carrier's rule, fair on its face, has been unequally applied and the suit is for damages, occasioned by its violation or discriminatory enforcement, there is no administrative question involved, the courts being called on to decide a mere question of fact as to whether the carrier has violated the rule to plaintiff's damage. Such suits though against an interstate carrier for damages arising in interstate commerce, may be prosecuted either in the state or Federal courts.' *(Pennsylvania R.R. Co.* v. *Puritan Coal Mining Co.* [237 US 121], pp. 131, 132.)" *Hewitt,* however, is inapposite since it involved a direct application of the Interstate Commerce Act (41 US Stat 474, US Code, tit 49, § 1 *et seq.)* which, in section 8, authorized any person claiming to be damaged by a carrier to make complaint to the commission or to bring suit. The issue was simply whether a court would have subject matter jurisdiction, in the first instance, over the allegations in the complaint. *(Hewitt v New York, New Haven & Hartford R.R. Co., supra,* pp 120-121.) Clearly, under the statute it would have. The applicability of the doctrine of primary jurisdiction, which assumes subject matter jurisdiction, was never addressed.

We are convinced, therefore, that more than questions of law are involved here and that questions of fact predominate. They are of the type that should be "considered and passed upon by the trained body established for that very

purpose and especially equipped to examine into the intricate facts commonly involved in public utility problems" *(Matter of Carroll Realty Corp. v New York Edison Co.,* 141 Misc 266, 272) before resort to the courts should be allowed. Wherefore it is our opinion that the PSC has primary jurisdiction in this matter.

There remains, nevertheless, a question as to whether dismissal of the complaint was the proper remedy here. We think it was not. We cannot say with assurance that for Statute of Limitations reasons plaintiff will not be prejudiced by a dismissal. Should he be successful before the PSC in proving that Lilco incorrectly billed him for arrears, he may then be able to prove Lilco's negligence, or intentional tort, in rendering such an improper bill, but only if his action at law is not then time barred. This, of course, cannot be guaranteed unless the instant action is stayed pending a determination by the PSC. Accordingly, Special Term should have denied the cross motion for dismissal, and, after referring plaintiff to the PSC, should have, *sua sponte,* stayed this action pending the filing, and final resolution, of a complaint pursuant to 16 NYCRR Part 11. (See *United States v Michigan Nat. Corp.,* 419 US 1, 4-5.)

Finally, in light of this determination, a preliminary injunction enjoining the discontinuance of electric service should not be granted. The same relief will be available to plaintiff from the PSC upon the filing of a complaint pursuant to 16 NYCRR Part 11 (see 16 NYCRR 11.2 [d]).

HOPKINS, J. P., DAMIANI and TITONE, JJ., concur.

Order of the Supreme Court, Suffolk County, dated January 6, 1981, modified, by deleting the provision granting defendant's cross motion to dismiss the complaint, and substituting therefor a provision denying the cross motion and staying the instant action pending plaintiff's filing of a complaint with the Public Service Commission, pursuant to 16 NYCRR Part 11, concerning the subject matter of this action, and further staying this action pending the final resolution of that complaint by the Public Service Commission. As so modified, order affirmed, without costs or disbursements. Plaintiff shall file a complaint with the Public

Service Commission within 30 days after service upon him of a copy of the order to be made hereon, with notice of entry.