■ BARBARA MARLIN et al., Appellants, v ORANGE AND ROCKLAND UTILITIES, INC., Respondent. [624 NYS2d 450] —In an action, inter alia, for a judgment declaring illegal certain provisions of a tariff that the defendant filed with the Public Service Commission, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated November 4, 1993, which granted the defendant's motion for summary judgment dismissing the complaint without prejudice to seek a declaratory ruling from the Public Service Commission and denied their cross motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court did not err by dismissing the plaintiffs' complaint (see, CPLR 3211 [a] [7]). We disagree with the court's conclusion that the doctrine of primary jurisdiction requires that the question of the legality of the defendant's tariff be referred to the Public Service Commission. Whether the limitation of liability provision of the defendant's tariff contravenes 16 NYCRR 218.1 presents a question of law, which is originally cognizable in the courts, rather than a mixed question of law and fact, which is within the special competence of the Public Service Commission (see, Kovarsky v

*Brooklyn Union Gas Co.,* 279 NY 304, 312; *Guglielmo v Long Is. Light. Co.,* 83 AD2d 481). However, the Supreme Court could not have properly issued a declaratory judgment on the legality of the tariff provision in question since there is no justiciable controversy presented in this case *(see, Matter of Hunt Bros. v Glennon,* 81 NY2d 906, 910; *Matter of New York State Inspection, Sec. & Law Enforcement Empls. v Cuomo,* 64 NY2d 233, 238-239; *Winkler v Spinnato,* 134 AD2d 66, 81, *affd* 72 NY2d 402, *cert denied* 490 US 1005). Accordingly, the proper forum to entertain the plaintiffs' demand for declaratory relief is the Public Service Commission, which has the authority to issue a declaratory ruling if it determines that such a ruling is warranted by the public interest *(see,* 16 NYCRR 8.1).

We have examined the appellants' remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.