Chaplin v National Grid (2019 NY Slip Op 02493)





Chaplin v National Grid


2019 NY Slip Op 02493


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-04340
 (Index No. 386/15)

[*1]Yvonne E. Chaplin, appellant,
v
National Grid, et al., respondents, et al., defendant.


Yvonne E. Chaplin, Rosedale, NY, appellant pro se.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski and Paul Lawless of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered March 16, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants National Grid and Brooklyn Union Gas Company upon their failure to appear or answer the complaint, and granted those branches of the cross motion of the defendants National Grid and Brooklyn Union Gas Company which were to extend their time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely and, thereupon, to stay the action pending the plaintiff's filing of a complaint with the Public Service Commission and a resolution thereof.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In light of the lack of prejudice to the plaintiff resulting from the short delay of the defendants National Grid and Brooklyn Union Gas Company (hereinafter together the defendants) in answering the complaint, the lack of willfulness on the part of the defendants, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the defendants and in granting those branches of the defendants' cross motion which were to extend their time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely (see CPLR 2004, 3012[d]; Marcelli v Lorraine Arms Apts., LLC, 164 AD3d 1226; Meekins v Turner Towers Tenants Corp., 132 AD3d 963; Performance Constr. Corp. v Huntington Bldg., LLC, 68 AD3d 737).
"Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just" (CPLR 2201). Thus, "a court has broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, application of proof and potential waste of judicial resources" (Matter of Tenenbaum, 81 AD3d 738, 739 [internal quotation marks omitted]). Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting that branch of the defendants' cross [*2]motion which was to stay the action (see Kovarsky v Brooklyn Union Gas Co., 279 NY 304; Rohan v North Main St. Dev. Corp., 146 AD2d 687; Guglielmo v Long Is. Light Co., 83 AD2d 481; see also 16 NYCRR part 12; 16 NYCRR 12.3).
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court